Shook *et al. v.* State.

(*Nashville,* December Term, 1950)

Opinion filed March 9, 1951.

Harry U. Scruggs and A. E. Weinstein, both of Memphis, Williams, Cummings & West, Albert Williams and Hugh C. Howser, all of Nashville, for appellants.

Knox Bigham, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Assistant Attorney General has expressed the opinion that the indictment in the above case does not charge the felony denounced by Chapter 182, Section 1, Public Acts of 1947, this Act being found in Volume 7, Pocket Supplement and Numbered Section 6648.33. He states the indictment charges the misdemeanor codified as Section 6648.17(2a) et seq., and which provides for punishment, Code Section 6648.18, by a fine of from $25 to $500, and discretionary time in addition of from thirty days to six months.

The conviction was for transporting more than three gallons of alcoholic beverages without having posted a bond with the Commissioner of Finance and Taxation and punishment fixed at confinement in the penitentiary for a period of not more than three years. This verdict and the judgment thereon, as stated by the Assistant Attorney General, are void because the sentence imposed is in excess of the maximum prescribed by statute. When a jury assesses punishment in excess of the maximum prescribed by statute, such verdict and the judgment thereon are nullities, and the Supreme Court

can only reverse and remand. *McDougal* v. *State,* 64 Tenn. 660; *Fitts* v. *State,* 102 Tenn. 141, 50 S. W. 756; *Bowmer* v. *State,* 157 Tenn. 124, 6 S. W. (2d) 326.

■ The proof in the case showed the defendants to be guilty of committing the offense charged in the indictment and also guilty of transporting more than three gallons of unstamped alcoholic beverages. The offense of transporting unstamped alcholic beverages was denounced by Chapter 182, Public Acts of 1947 and declared to be a felony with a minimum punishment of not less than two years imprisonment in the penitentiary. However, the indictment does not charge a violation of Chapter 182, Public Acts of 1947.

An accused cannot be convicted of an offense not charged in the indictment. *Holbert* v. *State,* 178 Tenn. 80, 156 S. W. (2d) 388.

■ An indictment which omits the allegation essential to constitute a felony under the statute, does not charge a felony. *Ellis* v. *State,* 160 Tenn. 530, 26 S. W. (2d) 151.

Without expressing an opinion on the merits of the case, it is necessary that the judgment of the lower court be reversed and the case remanded for a new trial.

All concur.