**STATE of Tennessee, Appellant,**

v.

**Bobby TATE, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 11, 1995.

Charles W. Burson, Attorney General & Reporter, Amy L. Tarkington, Assistant Attorney General, Nashville, C. Michael Layne, District Attorney General, and Stephen E. Weitzman, Assistant District Attorney General, Manchester, for Appellant.

John E. Herbison, Nashville, for Appellee.

## OPINION

JONES, Judge.

The issue presented in this interlocutory appeal is whether the indictment returned by the Coffee County Grand Jury, as amended, alleges the offense of aggravated assault. The trial court found that the indictment alleges the offense of assault. The State of Tennessee contends that the indictment charges the appellee, Bobby Tate, with the offense of aggravated assault.

The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion. This Court is of the opinion that the indictment, as amended, charges the offense of aggravated assault.

The Coffee County Grand Jury returned a six (6) count indictment against Tate. The indictment alleged that Tate committed the offenses of evading arrest, a Class A misdemeanor, aggravated assault, a Class C felony, leaving the scene of an accident, a Class A misdemeanor, driving while under the influence, a Class A misdemeanor, possession of marijuana, a Class A misdemeanor, and violating the implied consent law regarding submission to a blood alcohol test. Count II, which charges Tate with the offense of aggravated assault, alleges:

THE GRAND JURORS OF COFFEE County, Tennessee, duly empaneled and sworn, upon their oath, present that BOBBY TATE on the _____ day of August, 1993, in COFFEE County, Tennessee, and before the finding of this indictment, unlawfully and intentionally, knowingly, or recklessly did assault KERRY FARRAR, by use of a deadly weapon, to wit: A MOTOR VEHICLE, as used, in violation

of T.C.A. 39–13–102, and against the peace and dignity of the State of Tennessee. The State of Tennessee subsequently was permitted to amend the indictment by striking the words "or recklessly." In holding that this count of the indictment charged the offense of assault as opposed to aggravated assault, the trial court stated in part:

> The undersigned agrees with the reasoning of the [Court of Criminal Appeals in the *State v. Scott W. Long* ] opinion, however, in the present case it seems that this count of the indictment fails to elevate the offense to that of a felony in that other than alleging the bare legal conclusion of the offense alleged there is not sufficient factual allegations in that count of the indictment as to how the motor vehicle was utilized in order to place the defendant on proper notice.

In this Court, the state's argument is twofold. First, the state argues that allegations contained in Count II of the indictment are sufficient to charge the offense of aggravated assault. Second, the state argues that a motor vehicle may constitute a deadly weapon within the meaning of the statute defining the offense of aggravated assault. The state relies upon this Court's opinion in *State v. Scott W. Long,* Greene County No. 03–C–01–9310–CR–00032, 1993 WL 328055 (Tenn. Crim.App., Knoxville, August 19, 1993).

Tate argues the "trial court correctly ruled that the language of this count of the indictment is insufficient to elevate the grade of the offense to a felony." He states that the Supreme Court addressed "this precise issue" in *Huffman v. State,* 200 Tenn. 487, 292 S.W.2d 738 (1956).

### I.

### A.

In the context of this case, the offense of aggravated assault consists of two elements: (a) the intentional or knowing commission of an assault as that term is defined by Tenn. Code Ann. § 39–13–101(a)(1), and (b) the use or display of a deadly weapon. Tenn.Code Ann. § 39–13–102(a). As can be seen, whether the elements of this offense have been sufficiently alleged hinges on the definition of the terms "assault" and "deadly weapon."

An assault may be committed in three different ways. According to the statute, an assault consists of (a) the intentional, knowing or reckless commission of an act which results in the infliction of bodily injury to the person of another, Tenn.Code Ann. § 39–13–101(a)(1), (b) the intentional or knowing commission of an act that causes another person to reasonably fear imminent bodily injury, Tenn.Code Ann. § 39–13–101(a)(2), or (c) the intentional or knowing commission of an act that causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative. Tenn. Code Ann. § 39–13–101(a)(3). This Court has previously held that an accused can be convicted of aggravated assault due to the manner in which the accused operated a motor vehicle. *See State v. Norris,* 874 S.W.2d 590 (Tenn.Crim.App.), *per. app. denied* (Tenn.1993); *State v. Hensley,* 656 S.W.2d 410 (Tenn.Crim.App.), *per. app. denied* (Tenn.1983); *State v. Glenda Primeaux,* Madison County No. 4, 1988 WL 3912 (Tenn. Crim.App., Jackson, January 20, 1988); *State v. Thomas R. Hargett,* Madison County No. 3, 1987 WL 6721 (Tenn.Crim.App., Jackson, February 18, 1987); *State v. Charles W. Hooper, Jr.,* Davidson County No. 86–19–111, 1986 WL 13565 (Tenn.Crim.App., Nashville, December 4, 1986), *per. app. denied* (Tenn. 1987); *State v. Thomas H. Banks Jr.,* Hamblen County No. 210, 1986 WL 3084 (Tenn. Crim.App., Knoxville, March 10, 1986); *State v. Bobby Ray Ervin,* Hamilton County No. 924 (Tenn.Crim.App., Knoxville, October 7, 1985).

The term "deadly weapon" is also defined by statute. This term means (a) "[a] firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury," Tenn.Code Ann. § 39–11–106(a)(5)(A) or (b) "[a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tenn.Code Ann. § 39–11–106(a)(5)(B). This Court has previously held that a motor vehicle can constitute a deadly weapon within the meaning of the definition set forth in subsection (a)(5)(B). *State v. Scott W. Long,*

Greene County No. 03–C–01–9301–CR–00032, 1993 WL 328055 (Tenn.Crim.App., Knoxville, August 19, 1993) (reckless endangerment).[1]

■ This Court concludes that if the State of Tennessee can prove beyond a reasonable doubt that a citizen knowingly or intentionally used a motor vehicle to either (a) inflict bodily injury to another person or (b) cause another person to reasonably fear imminent bodily injury, the citizen can be convicted of aggravated assault.

### B.

While the parties did not submit the facts giving rise to Count II of the indictment at the hearing on the appellee's motion to dismiss, the affidavit of complaints are contained in the record. These documents set forth the basic facts that the state can prove to establish the offense of aggravated assault.

On Saturday, August 7, 1993, at approximately 12:59 a.m., Kerry Farrar, a Manchester Police officer, attempted to stop the appellee as he was leaving the situs of a disorder. The officer was in uniform. The appellee refused to stop. Instead, the appellee accelerated the speed of his motor vehicle, and, as he fled, struck Officer Farrar on two separate occasions. The blows knocked the officer to the ground. The appellee was subsequently arrested and charged with the offenses hereinabove set forth.

If the State of Tennessee can prove beyond a reasonable doubt that the appellee knowingly and intentionally used the motor vehicle he was operating to either (a) inflict bodily injury to Officer Farrar's person or (b) cause Officer Farrar to reasonably fear imminent bodily injury, the appellee can be convicted of aggravated assault. This Court must now address whether the allegations contained in Count II of the indictment are sufficient to allege the offense of aggravated assault.

### II.

■ The Tennessee Constitution requires that an indictment, presentment or information state "the nature and cause of the accusation." Tenn. Const. Art. I, § 9. The Supreme Court has said this requirement mandates that the charging instrument "contain a complete description of such facts and circumstances as will constitute the crime." *Tipton v. State*, 160 Tenn. 664, 670, 28 S.W.2d 635, 636 (1930) (citation omitted).[2]

■ While the description of the offense contained in a charging instrument "must be

---

1. Tenn.Code Ann. § 40–35–114(9) provides that a trial court may enhance the accused's sentence within the appropriate range if the accused "possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense." This Court has held that a motor vehicle can constitute a "deadly weapon" within the meaning of this statute. *Norris*, 874 S.W.2d at 601. *But see State v. Kenneth Sauceman*, Hamblen County No. 274, 1989 WL 11734 (Tenn.Crim.App., Knoxville, February 14, 1989).

2. It is a well-established rule of law that an accused cannot be required to defend against, or be convicted of, a crime that is greater than the crime alleged in the charging instrument. *Church v. State*, 206 Tenn. 336, 356–58, 333 S.W.2d 799, 808–09 (1960); *Huffman v. State*, 200 Tenn. 487, 495, 292 S.W.2d 738, 741 (1956); *Shook v. State*, 192 Tenn. 134, 135–36, 237 S.W.2d 959, 959 (1951); *Holbert v. State*, 178 Tenn. 80, 82, 156 S.W.2d 388, 389 (1941). Thus, an accused cannot be convicted of a felony if the charging instrument does not contain an essential element of the felony. Under these circumstances, the accused may only be convicted of a misdemeanor, if the charging instrument alleges the essential elements of the misdemeanor offense. *Shook*, 192 Tenn. at 136, 237 S.W.2d at 959–60.

An accused cannot be validly prosecuted or convicted of a criminal offense under color of a charging instrument that fails to allege a crime. *State v. Morgan*, 598 S.W.2d 796, 797 (Tenn. Crim.App.1979). In *Morgan*, this Court said that "[a] lawful accusation is an essential jurisdictional element of a criminal trial, without which there can be no valid prosecution." 598 S.W.2d at 797 (citation omitted). Nor may an accused be convicted of a lesser included offense under color of a charging instrument which fails to allege a crime. There are no lesser included offenses under such circumstances. *Morgan*, 598 S.W.2d at 797. If an accused is tried and convicted under color of a charging instrument which fails to state a crime, the accused is denied due process of law within the meaning of both federal and state constitutions; and the accused is entitled to relief from the conviction. *See Nease v. State*, 592 S.W.2d 327, 332–33 (Tenn. Crim.App.), *per. app. denied* (Tenn.1979). In this jurisdiction, all proceedings conducted pursuant to a charging instrument that does not state a crime are void. *Morgan*, 598 S.W.2d at 797; *see De Jonge v. Oregon*, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278, 282 (1937).

sufficient in distinctness, certainty, and precision to enable the accused to know what offense he is charged with and to understand the special nature of the charge he is called to answer," *Church*, 206 Tenn. at 358, 333 S.W.2d at 809, it is not necessary to "amplify and encumber the charge by circumstantial detail and minute description." *Jordan v. State*, 156 Tenn. 509, 514, 3 S.W.2d 159, 160 (1928) (citations omitted). As a general rule, it is sufficient to state the offense charged in the words of the statute, *State v. Overton*, 193 Tenn. 171, 174, 245 S.W.2d 188, 189 (1951); *Stanfield v. State*, 181 Tenn. 428, 432, 181 S.W.2d 617, 618 (1944); *Jordan*, 156 Tenn. at 514, 3 S.W.2d at 160, or words which are equivalent to the words contained in the statute. *Coke v. State*, 208 Tenn. 248, 250–51, 345 S.W.2d 673, 674 (1961); *Starks v. State*, 66 Tenn. 64, 66 (1872). However, if the statute proscribing the offense does not contain all of the ingredients of the offense, or the wording of the statute is not sufficient to constitute an offense, the charging instrument must allege any additional ingredients necessary to constitute the offense. *Jordan*, 156 Tenn. at 514, 3 S.W.2d at 160.

█ In determining the sufficiency of a charging instrument, a court must consider several factors. It must consider whether (a) the charging instrument contains the elements of the offense which is intended to be charged; (b) the charging instrument sufficiently apprises the accused of the offense he is called upon to defend; (c) the trial court knows to what offense it must apply the judgment; and (d) the accused knows with accuracy to what extent he may plead a former acquittal or conviction in a subsequent prosecution for the same offense.

█ Count II of the indictment sufficiently charges the offense of aggravated assault. The indictment alleges that (a) the offense occurred in August of 1993, in Coffee County, (b) the appellee intentionally and knowingly assaulted Officer Farrar, and (c) the accused used a dangerous weapon during the commission of the assault, namely, a motor vehicle. If the appellee desires more details regarding the facts, he can file a motion for a bill of particulars. *See* Tenn.R.Crim.P. 7(c); *State v. Hicks*, 666 S.W.2d 54 (Tenn.1984).

SCOTT, P.J., and SUMMERS, J., concur.