IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FILED

April 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

RONALD PARKER,                    )
                                  )
        Petitioner,               )    C. C. A. NO. 02C01-9612-CC-00467
                                  )
vs.                               )    LAKE COUNTY
                                  )
STATE OF TENNESSEE,               )    No. 96-7561
                                  )
        Respondent.               )

**O R D E R**

This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on December 17, 1996, and the petitioner filed his brief on January 8, 1997. The petitioner was originally indicted on three counts of burglary in July 1994. The petitioner subsequently pled guilty to the same. In the present appeal, the petitioner, relying in part upon State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996), contends the judgment entered against him is void because the indictment failed to allege the mens rea of the offense charged.

Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we conclude that the motion is well-taken and should be granted. The trial judge dismissed the petition stating that "[a]llegations concerning the sufficiency of an indictment are not subject to habeas corpus relief." It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of this Court recently held the same in a capital case. Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit. At the time of the offenses in this case, one was guilty of burglary when that person "without the effective consent of the property owner, enter[ed] a building other than a habitation (or any portion thereof) not open to the public, with the intent to commit a felony or theft." T.C.A. § 39-14-402(a) (1991). The indictment at issue before us charged that the petitioner did "unlawfully enter a building other than a habitation . . ., not open to the public, without the effective consent of the [owner], with the intent to commit theft." The petitioner seems to suggest that the indictment must state that the petitioner entered the building "intentionally, knowingly, or recklessly." See T.C.A. § 39-11-301(c) (1991). We find that the indictment at issue here sufficiently apprised the appellant of the offenses charged, and is therefore valid.

A valid indictment in this state must contain the elements constituting the offense and must sufficiently apprise the accused of the offense he is called upon to defend. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995). When the legislature neglects, however, to include the requisite mental state in the definition of an offense, permitting the application of any one of the three mental states set forth in T.C.A. § 39-11-301(c), an allegation of criminal conduct will provide the accused constitutionally adequate notice of the facts constituting the offense. State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App., Jan. 31, 1997). The accused's culpable mental state for entering the building, therefore, is not an essential element of the offense. Id. Consequently, the failure to allege a culpable mental state in this case did not invalidate the indictments. Cf. State v. Marshall, 870 S.W.2d 532, 536-38 (Tenn. Crim. App. 1993) (holding that if language of indictment "necessarily implies" mens rea, indictment is not fatal).

For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of March, 1997.

3

_____

DAVID G. HAYES, JUDGE


_____

JOE B. JONES, PRESIDING JUDGE


_____

PAUL G. SUMMERS, JUDGE