## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

**FILED**

**April 9, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

ROBERT PARISH,                          )
                                        )
    Petitioner,               )   C. C. A. NO. 02C01-9612-CC-00452
                                        )
vs.                                     )   LAUDERDALE COUNTY
                                        )
STATE OF TENNESSEE,                     )   No. 4857
                                        )
    Respondent.               )

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on December 12, 1996, and the petitioner's brief was filed on February 3, 1997. The petitioner was originally indicted on one count aggravated sexual battery in November 1994, and one count of statutory rape in July 1995. The petitioner pled guilty to the same in January 1996. In the present appeal, the petitioner, relying in part upon State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996), contends the judgment entered against him is void because the indictments failed to allege the mens rea of the offense charged.

Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we conclude that the motion is well-taken and should be granted. The trial judge dismissed the petition stating in effect that the indictments in this case were not defective. It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of this Court recently held the same in a capital case. Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit. Aggravated sexual battery is defined as the "unlawful sexual contact with a victim by the defendant" accompanied by certain enumerated aggravating circumstances, including that the victim is less than thirteen (13) years old. T.C.A. § 39-13-504 (1996 supp.). Statutory rape is "sexual penetration of a victim by the defendant . . . when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim." T.C.A. § 39-13-506 (1996 supp.).

The indictments at issue before us charged that the petitioner did "unlawfully engage in sexual contact as defined in T.C.A. § 39-13-501 with [the victim], a person less than thirteen (13) years of age, in violation of T.C.A. § 39-13-504," and "did unlawfully sexually penetrate [the victim], a person of the age of fifteen (15) years, the [defendant] being at least four (4) years older than [the victim], in violation of T.C.A. § 39-13-506." We find that the indictments at issue here sufficiently apprised the appellant of the offenses charged, and are therefore valid.

A valid indictment in this state must contain the elements constituting the offense and must sufficiently apprise the accused of the offense he is called upon to defend. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995). When the legislature neglects, however, to include the requisite mental state in the definition of an offense, permitting the application of any one of the three mental states set forth in T.C.A. § 39-11-301(c), an allegation of criminal conduct will provide the accused constitutionally adequate notice of the facts constituting the offense. State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App., Jan. 31, 1997). The accused's culpable mental state, therefore, is not an essential element of the offense. Id. Consequently, the failure to allege a culpable mental state in this case did not invalidate the indictments.

For the reasons stated above, it is hereby ORDERED, pursuant to Rule

2

20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of March, 1997.


_____
DAVID G. HAYES, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
PAUL G. SUMMERS, JUDGE