# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

RONALD DENNIS CRAFTON,    )
                  )
       Petitioner,    )  C. C. A. NO. 02C01-9703-CC-00103
                  )
vs.              )  LAKE COUNTY
                  )
BILLY COMPTON, WARDEN,    )  No. 97-7591
                  )
       Respondent.    )

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on March 13, 1997, and the petitioner's brief was filed on March 19, 1997. The record indicates the petitioner was originally indicted on one count rape in July 1991.[1] In the present appeal, the petitioner, relying in part upon State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996), contends the judgment entered against him is void because the indictment failed to allege the mens rea of the offense charged.

Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we conclude that the motion is well-taken and should be granted. The trial judge dismissed the petition stating that "[a]llegations concerning the sufficiency of an indictment are not proper subject for habeas corpus relief." It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of this Court recently held the same in a capital case. Barber v. State, No. 01C01-9408-

---

[1] The petitioner contends that he was originally indicted on two counts of rape, and that he was subsequently convicted on both counts. The record, however, does not contain the second count of the indictment nor the judgment sheet.

CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

            Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit. Rape is defined as the "unlawful sexual penetration of a victim by the defendant" accompanied by certain enumerated aggravating circumstances, including that the "force or coercion is used to accomplish the act." T.C.A. § 39-13-503 (1991). The indictment at issue before us charged that the petitioner did "unlawfully have sexual penetration by force or coercion of [the victim], in violation of T.C.A. 39-13-503(a)(1)." We find that the indictment at issue here sufficiently apprised the petitioner of the offense charged, and is therefore valid.

            A valid indictment in this state must contain the elements constituting the offense and must sufficiently apprise the accused of the offense he is called upon to defend. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995). When the legislature neglects, however, to include the requisite mental state in the definition of an offense, permitting the application of any one of the three mental states set forth in T.C.A. § 39-11-301(c), an allegation of criminal conduct will provide the accused constitutionally adequate notice of the facts constituting the offense. State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App., Jan. 31, 1997). The accused's culpable mental state, therefore, is not an essential element of the offense. Id. Consequently, the failure to allege a culpable mental state in this case did not invalidate the indictment.

            For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

            Enter, this the ____ day of May, 1997.

2

_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE