**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**FILED**

**April 17, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **GREGORY TURNER,** | ) | |
| | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9701-CC-00025** |
| | ) | |
| vs. | ) | **LAUDERDALE COUNTY** |
| | ) | |
| **JIMMY HARRISON, WARDEN,** | ) | **No. 4869** |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on January 17, 1997, and the petitioner's brief was filed on February 18, 1997. The petitioner was originally indicted on one count of aggravated rape in January 1994, and was subsequently convicted of the same. In the present appeal, the petitioner, relying in part upon State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996), contends the judgment entered against him is void because the indictment failed to allege the mens rea of the offense charged.

Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we conclude that the motion is well-taken and should be granted. The trial judge dismissed the petition stating, in effect, that this is not an appropriate matter for habeas corpus relief. It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of this Court recently held the same in a capital case. Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit. Aggravated rape is defined as the "unlawful sexual penetration of a victim by the defendant" accompanied by certain enumerated aggravating circumstances, including that the "defendant causes bodily injury to the victim." T.C.A. § 39-13-502 (1996 supp.).

The indictment at issue before us charged that the petitioner did "unlawfully sexually penetrate and cause bodily injury to [the victim], in violation of T.C.A. 39-13-502." We find that the indictment at issue here sufficiently apprised the petitioner of the offenses charged, and is therefore valid.

A valid indictment in this state must contain the elements constituting the offense and must sufficiently apprise the accused of the offense he is called upon to defend. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995). When the legislature neglects, however, to include the requisite mental state in the definition of an offense, permitting the application of any one of the three mental states set forth in T.C.A. § 39-11-301(c), an allegation of criminal conduct will provide the accused constitutionally adequate notice of the facts constituting the offense. State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App., Jan. 31, 1997). The accused's culpable mental state, therefore, is not an essential element of the offense. Id. Consequently, the failure to allege a culpable mental state in this case did not invalidate the indictment.

For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of April, 1997.

_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE



_____
DAVID G. HAYES, JUDGE