## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## AUGUST SESSION, 1997

FILED

September 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

GARY L. COOPER,          )
                         )        No. 02C01-9610-CC-00334
        Appellant        )
                         )        LAKE COUNTY
vs.                      )
                         )        Hon. JOE G. RILEY, JR., Judge
BILLY COMPTON, WARDEN,   )
                         )        (Writ of Habeas Corpus)
        Appellee         )


For the Appellant:

**GARY L. COOPER**, *Pro Se*
L.C.R.C.F., Rt 1, Box 330
Tiptonville, TN 38079

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


**C. PHILLIP BIVENS**
District Attorney General
P. O. Box E
Dyersburg, TN 38024


OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20


**David G. Hayes**
Judge

## OPINION

The appellant, Gary Cooper, appeals the trial court's dismissal of his *pro se* petition for writ of habeas corpus. On April 25, 1994, the appellant pled guilty to one count of rape in the Knox County Criminal Court and was sentenced to eight years incarceration in the Tennessee Department of Correction. The appellant filed the instant petition on August 19, 1996, alleging that the judgment entered against him is void because the indictment failed to allege the *mens rea* of the offense charged. The trial court properly dismissed the petition on the basis that "allegations concerning the sufficiency of the indictment are not the proper subject of habeas corpus relief." See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969); Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App. at Nashville, Feb. 23, 1995). Accordingly, we affirm the trial court's dismissal of the petition.

Moreover, upon further review, we find the substance of the appellant's claim without merit. In order for an indictment to satisfy both constitutional and statutory guidelines, it must contain the material elements of the offense and must sufficiently apprise the accused of the offense he is called upon to defend. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995); see also Tenn. Code Ann. §40-13-202 (1990); State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992). As applicable to the present case, rape is defined as the "unlawful sexual penetration of a victim by the defendant" and "force or coercion is used to accomplish the act." Tenn. Code Ann. § 39-13-501(a)(1) (1991). No requisite mental state is included in the definition of the offense. When the legislature fails to define a specific mental state in the definition of an offense, proof of either intent, knowledge, or recklessness suffices to establish the culpable mental state. Tenn. Code Ann. § 39-11-301(c)(1991). Accordingly, the

2

accused's mental state is not a material element of the offense and need not be included in the indictment. State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App. at Knoxville, Jan. 31, 1997). Other panels of this court have upheld the validity of indictments under similar challenges. See e.g., Slagle v. State, No. 03C01-9704-CR-00145 (Tenn. Crim. App. at Knoxville, June 25, 1997); State v. Vann, No. 03C01-9602-CC-00066 (Tenn. Crim. App. at Knoxville, June 10, 1997); State v. James, No. 01C01-9601-CR-00016 (Tenn. Crim. App. at Nashville, Mar. 27, 1997); State v. Burrell, No. 03C01-9404-CR-00157 (Tenn. Crim. App. at Knoxville, Feb. 11, 1997).

The indictment in the present case, reads, in pertinent part:

. . . That Gary Cooper. . . unlawfully and feloniously did sexually penetrate [the victim] . . .by force and coercion. . . .

(emphasis in original). Contrary to the appellant's assertions, the allegations in the indictment sufficiently apprise the accused of the offense of rape. Consequently, we find the indictment valid.

The trial court's dismissal of the appellant's petition for writ of habeas corpus is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, Judge

CONCUR:

3

_____
JERRY L. SMITH, Judge


_____
THOMAS T. WOODALL, Judge

4