IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1998 SESSION

FILED

February 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. No. 03C01-9712-CC-00548 |
| Appellee, | * | BLOUNT COUNTY |
| VS. | * | Honorable D. Kelly Thomas, Jr., Judge |
| BRANDON R. PATRICK, | * | (Felony Reckless Endangerment) |
| Appellant. | * | |

For Appellant:                                    For Appellee:

Robert W. White                          John Knox Walkup
Attorney for Appellant                   Attorney General and Reporter
404 Ellis Avenue
Maryville, TN  37804                     Clinton J. Morgan
                                         Counsel for the State
                                         425 Fifth Avenue, North
                                         Cordell Hull Building, Second Floor
                                         Nashville, TN  37243-0493

                                         Charles Carpenter
                                         Assistant District Attorney General
                                         363 Court Street
                                         Maryville, TN  37804

OPINION FILED:_____

REVERSED IN PART AND REMANDED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, Brandon R. Patrick, was convicted in a jury trial of felony reckless endangerment, felony evading arrest, and driving on a suspended license, third offense. The jury acquitted the defendant on a related charge of aggravated assault. The trial court imposed concurrent Range I sentences of two years for felony reckless endangerment and four years for the felony evading arrest. A concurrent sentence of eleven months, twenty-nine days was imposed for driving on a suspended license. The sentence for evading arrest was ordered to be served consecutively to a prior sentence in Blount County. The defendant was fined $5,000.00.

In this appeal of right, the defendant presents a single issue for review: whether the trial court erred by providing the jury with an instruction on felony reckless endangerment rather than misdemeanor reckless endangerment. We reverse the judgment of the trial court.

Rick Arnold, an officer with the Alcoa Police Department, testified that early on February 24, 1996, he was patrolling Alcoa Highway in marked cruiser when he detected a car, later determined to be driven by the defendant, traveling at more than 70 m.p.h. in a 50 m.p.h. zone. Officer Arnold pursued the vehicle through the city streets and into a residential area where speed limits dropped to 35 m.p.h. As the defendant maintained his speed, the officer activated his police siren and blue lights. The defendant disregarded several red lights, despite the presence of other cars on the roadway, and eventually stopped in a driveway. At that point, Officer Arnold stepped out of his cruiser and approached the defendant with his weapon drawn. Suddenly, the defendant backed out of the driveway, requiring Officer Arnold to jump out of the way of the vehicle's path. The officer testified that

2

he clearly saw the face of the defendant. He followed the defendant through several stop signs before he lost control of the cruiser and discontinued the chase.

The victim of the reckless endangerment charge, Rachel Miller, who was a passenger in the car driven by the defendant, testified that when Officer Arnold began to follow, the defendant increased his speed and ignored several red lights and stop signs. Ms. Miller described the defendant's driving as "fast" and believed that the defendant knew that a police cruiser was in pursuit. She recalled that when the defendant stopped in a driveway, she saw the officer approach the car with his weapon aimed at the defendant. She stated that the defendant then put the car in reverse and drove away. Ms. Miller testified that she became fearful only when the officer aimed his weapon at the defendant and was otherwise unafraid at any other point during the chase. She testified that there were no other cars in the vicinity when the defendant failed to stop at the red lights and stop signs and that it never occurred to her that the defendant might lose control of the vehicle.

The defendant claims that there is no evidence that he used a motor vehicle as a deadly weapon against the victim. It is his contention that the trial court erred by charging felony reckless endangerment rather than misdemeanor reckless endangerment. The use of a deadly weapon, defined as "[a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury" elevates the misdemeanor offense of reckless endangerment to a felony. See Tenn. Code Ann. § 39-11-106(5)(b). Reckless endangerment is defined as follows:

> Reckless endangerment.--(a) A person commits an offense who recklessly engages in conduct which places or may place another person in imminent danger of death or serious bodily injury.
>   (b) Reckless endangerment is a Class A misdemeanor; however, reckless endangerment committed with a

3

deadly weapon is a Class E felony.

Tenn. Code Ann. § 39-13-103. An automobile is not, under all circumstances, a deadly weapon; the method of use is the controlling factor that must be examined on a case-by-case basis. State v. Scott W. Long, C.C.A. No. 03C01-9301-CR-00032, slip op. at 6-7 (Tenn. Crim. App., at Knoxville, Aug. 19), app. denied, (Tenn., Nov. 8, 1993); State v. Tate, 912 S.W.2d 785 (Tenn. Crim. App. 1995).

While the defendant concedes that an automobile can be considered a deadly weapon, he argues that his "manner of the use of the vehicle, in which [Ms.] Miller was a passenger, was to evade [Officer] Arnold, not to use it as a deadly weapon against [Ms.] Miller." He admits that his actions may have placed the victim in imminent danger of death or serious bodily injury but contends because the victim was inside the vehicle, the car was not a weapon aimed at the victim.

In our view, this evidence sufficiently supports the state's theory that the defendant operated the vehicle in a manner capable of causing death or serious bodily injury to the victim. Clearly, there was proof that the defendant utilized the vehicle in a dangerous manner. The defendant drove nearly 40 m.p.h. over the speed limit in a residential area, disregarding red signals and stop signs. Officer Arnold testified that there were other cars on the roadway during the chase. Those circumstances establish that the defendant's manner of driving subjected the victim to risk of injury or death. That the victim claimed not to be frightened by the defendant's driving is immaterial. That is not an element of the offense. See Tenn. Code Ann. § 39-13-103. In our view, the trial court properly charged felony reckless endangerment.

4

The defendant also contends that the trial court erred by failing to charge misdemeanor reckless endangerment, a lesser offense of felony reckless endangerment. The defendant, who requested the charge, maintains that whether the vehicle was used as a deadly weapon was ultimately a question for the jury. The state did not address this issue in its appellate brief.

The trial judge has a duty to give a complete charge of the law applicable to the facts of the case. State v. Harbison, 704 S.W.2d 314, 319 (Tenn. 1986). There is an obligation "to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so." Tenn. Code Ann. § 40-18-110(a). "Pursuant to our statute, rule, and case law interpretations, defendants are entitled to jury instructions on all [lesser offenses], if the evidence would support a conviction for the offense." State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996). Such a charge "allows the jury to consider all relevant offenses in determining the appropriate offense, if any, for conviction" and "more evenly balances the rights of the defendant and the prosecution and serves the interests of justice." Id. It is only when the record is devoid of evidence to support an inference of guilt of the lesser offense that the trial court is relieved of the responsibility to charge the lesser crime. State v. Stephenson, 878 S.W.2d 530, 549-50 (Tenn. 1994); State v. Boyd, 797 S.W.2d 589, 593 (Tenn. 1990). In State v. Williams, 977 S.W.2d 101, 105 (Tenn. 1998), our supreme court overruled several prior cases and, by a three to two majority, held that the right to instructions on lesser offenses is a statutory right, rather than one founded in the Tennessee Constitution[1] and that, in consequence, the error is subject to a harmless error analysis:

---

[1]"[T]he jury shall have the right to determine the law and the facts, under the direction of the court, as in other criminal cases." Tenn. Const. Art. I § 19. See McGowan v. State, 17 Tenn. 184 (1836) and its progeny.

> Reversal is required if the error affirmatively appears to have affected the result of the trial on the merits, or in other words, reversal is required if the error more probably than not affected the judgment to the defendant's prejudice.

(citing Tenn. R. Crim. P. 52(a); Tenn. R. App. P. 36(b)).

Misdemeanor reckless endangerment is a lesser grade of felony reckless endangerment. It is also a lesser included offense. This is not a case in which the record is devoid of proof of the lesser offense. See State v. Lewis, 978 S.W.2d 558 (Tenn. Crim. App. 1997). When the defense argued that the vehicle was not used as a deadly weapon against the victim, the trial court, in rejecting the request for the misdemeanor instruction, stated: "[T]he way the vehicle was used could arguably fit the statutory definition of a deadly weapon." (Emphasis added). It was the task of the jury to determine the degree of reckless endangerment. The ultimate question was one of fact. That is, whether the vehicle was used in such a manner as to be a deadly weapon. The facts and circumstances must be examined on a case by case basis. The failure to charge the jury with misdemeanor reckless endangerment prevented the jury from making this determination. We cannot conclude that the proof of the greater offense was so overwhelming that the jury would have chosen the greater offense over the lesser offense if given the choice. The failure to instruct on lesser offense which was legitimately raised by the evidence presented would not qualify as harmless error, whether the error is of a constitutional magnitude or not.[2]

Accordingly, the judgment of the trial court as to the conviction for felony reckless endangerment is reversed and remanded for a new trial. In all other respects, the judgment is affirmed.

---

[2]See State v. Williams, 977 S.W.2d 101 (Tenn. 1998).

6

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
David H. Welles, Judge


_____
Thomas T. Woodall, Judge

7