# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### March 13, 2001 Session

## STATE OF TENNESSEE v. THOMAS J. TACKETT

### Appeal from the Circuit Court for Warren County
### No. F-7729     Charles D. Haston, Judge

---

### No. M1999-02541-CCA-R3-CD - Filed June 28, 2001

---

Thomas J. Tackett appeals from his Warren County especially aggravated robbery conviction, for which he received a 25-year incarcerative sentence. He urges us to find error based upon insufficiency of the convicting evidence, admission of certain evidence at trial, jury instructions not given, and sentencing. Although there is no merit in the issues advanced by the defendant, we notice as plain error that the defendant's conviction is for a greater crime than that which is charged in the indictment. We therefore modify his especially aggravated robbery conviction to aggravated robbery and remand for sentencing for that crime.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed as Modified, Remanded.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; Clement Dale Potter, District Attorney General, for the Appellee, State of Tennessee.

John B. Nisbet, III (on appeal), Dan Bryant (at trial), for the Appellant, Thomas Tackett.

## OPINION

In the light most favorable to the state, the evidence at trial demonstrated that the defendant assaulted George William Cartledge with a shovel and took more than $300 from him. The attack took place in the victim's home. Mr. Cartledge was unable to recall the specifics of the attack; however, his face was "black" the day after the attack, he has a scar below his hairline, and his vision is blurry and deteriorating. He spent three days in Erlanger Medical Center immediately following the attack, and he was hospitalized at another facility for an additional seven days after he developed an infection. Photographs of the crime scene demonstrate that the victim lost a great deal of blood from his injuries. Other witnesses who responded to the scene confirmed that the victim had large, deep cuts on his head and was bleeding profusely.

At trial, the defendant did not contest that he attacked Mr. Cartledge or that he stole money from him. Rather, his tactic was to challenge the state's proof of "serious bodily injury" as required for the crime of especially aggravated robbery. *See* Tenn. Code Ann. § 39-13-403 (1997) (defining especially aggravated robbery as a robbery accomplished with a deadly weapon and in which the victim suffers serious bodily injury).

The jury convicted the defendant of especially aggravated robbery, and he then filed this appeal.

## I

The defendant's first issue challenges the sufficiency of the convicting evidence. As a predicate to that review, however, we must address an issue which he has not raised, namely the sufficiency of the indictment to charge the crime of which he was ultimately convicted.

The indictment in this case charges that the defendant "did, intentionally and knowingly cause serious bodily injury to the person of George Cartledge while intentionally and knowingly taking property from the person of George Cartledge without his effective consent in violation of T.C.A. §39-14-403 a Class 'A' felony . . . ." Strangely, the statutory reference in the indictment, section 39-14-403, is to the aggravated burglary statute. The factual allegations of the indictment assert a claim of aggravated robbery but not especially aggravated robbery. *Compare* Tenn. Code Ann. § 39-13-402 (1997) (aggravated robbery is robbery accomplished with a deadly weapon *or* where the victim suffers serious bodily injury) *with* Tenn. Code Ann. § 39-13-403 (1997) (especially aggravated robbery is robbery accomplished with a deadly weapon *and* where the victim suffers serious bodily injury).

Tennessee law prohibits the conviction of a defendant for an offense greater than that charged in the indictment. *See, e.g., Huffman v. State*, 200 Tenn. 487, 495, 292 S.W.2d 738, 741 (1956), *overruled on other grounds by State v. Irvin*, 603 S.W.2d 121 (Tenn. 1980); *Shook v. State*, 192 Tenn. 134, 136, 237 S.W.2d 959, 959 (1951). In this case, the indictment charges the offense of aggravated robbery;[1] nevertheless, the defendant was tried and convicted of the greater offense of especially aggravated robbery. His criminal liability can be no greater than the crime of aggravated robbery. His conviction of the greater crime cannot stand.

The jury's finding that the defendant committed especially aggravated robbery required factual determinations that the defendant committed robbery with a deadly weapon and that the victim suffered serious bodily injury. *See* Tenn. Code Ann. § 39-13-403 (1997). A determination of guilt of aggravated robbery as actually charged in the indictment would require the same findings absent proof of a deadly weapon. *See* Tenn. Code Ann. § 39-13-402 (1997). By finding the defendant guilty of especially aggravated robbery, the jury also found the defendant guilty

---

[1] The inclusion of an erroneous statutory reference is not fatal to the indictment; the erroneous citation is mere surplusage. *State v. Seagraves*, 837 S.W.2d 615, 617 n.2 (Tenn. Crim. App. 1992).

of the lesser-included offense of aggravated robbery. Therefore, we may modify the defendant's improper especially aggravated robbery conviction to the lesser-included offense charged in the indictment, aggravated robbery. *See Huffman*, 200 Tenn. at 498, 292 S.W.2d at 743*; Forsha v. State*, 183 Tenn. 604, 613-14, 194 S.W.2d 463, 466 (1946) (order on petition for rehearing); *Corlew v. State*, 181 Tenn. 220, 223, 180 S.W.2d 900, 901 (1944) (Prewitt and Gailor, JJ., dissenting on other grounds), *overruled on other grounds by Campbell v. State*, 491 S.W.2d 359 (Tenn. 1973); *Sherod v. State*, 4 Tenn. Crim. App. 344, 348, 470 S.W.2d 860, 862 (Tenn. Crim. App. 1971). *But see Shook v. State*, 192 Tenn. 134, 237 S.W.2d 959 (1951) (reversing and remanding for a new trial on proper, lesser charge); *State v. Morris*, 788 S.W.2d 820 (Tenn. Crim. App. 1990) (reaching same result as *Shook* in the face of multiple errors); *cf. State v. Terrence Cunningham*, No. 02C01-9210-CR-00231 (Tenn. Crim. App., Jackson, Aug. 18, 1993) (acknowledging possibility of conviction modification as a proper result in some cases but holding that facts presented required remand for a new trial on the proper, lesser offense). We have no hesitation in doing so.

We now turn to the defendant's challenge to the sufficiency of the evidence. He claims in his brief that the state's proof of the elements of use of a deadly weapon and serious bodily injury to the victim were insufficient to sustain his especially aggravated robbery conviction.

When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000).

In determining the sufficiency of the convicting evidence, this court does not re-weigh or re-evaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. *Id*. at 835. In *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973), our supreme court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the state."

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency

of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. *Id*. at 914.

In light of our ruling above that the indictment did not charge especially aggravated robbery, we need not consider the defendant's challenge to the sufficiency of proof that the crime was "[a]ccomplished with a deadly weapon or by display of any articled used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." We are compelled to comment, however, that it has not gone unnoticed by this court that the defendant conceded at trial that the only disputed issue of fact was whether the victim suffered serious bodily injury.[2] If this issue were before us on its merits, the defendant would be in a poor posture to challenge the sufficiency of proof regarding the deadly weapon element. *See, e.g., State v. Banes*, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993) (appellant may not pursue inconsistent theories in trial and appellate courts); *State v. Matthews*, 805 S.W.2d 776, 781 (Tenn. Crim. App. 1990). Furthermore, the proof that the defendant used the shovel in a manner consistent with it being classified as a deadly weapon is abundantly sufficient and, indeed, undisputed. *See* Tenn. Code Ann. § 39-11-106(5)(B) (1997) ("A deadly weapon [is a]nything that in the manner of its use . . . is capable of causing death or serious bodily injury."); *cf. State v. Douglas Canady*, No. M1999-02135-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Nashville, Sept. 29, 2000) (shovel was a deadly weapon in aggravated robbery case in which defendant struck victim with shovel four times prior to taking victim's property), *perm. app. denied* (Tenn. 2000).

---

[2]     The following relevant excerpts from the defense's opening statement and closing argument demonstrate the concession of the deadly weapon element:

> Ladies and gentlemen, the defendant is going to concede that a robbery occurred . . . he's going to concede that he was the one who perpetrated the robbery. He's also going to concede that in the perpetration of this robbery a shovel was used and that during this robbery Mr. Cartledge was hit about the head with the shovel. . . . We're also going to concede that as a result of these blows by the shovel that Mr. Cartledge received bodily injury. . . . What we are denying is that as a result of this robbery and the blows that Mrs. Cartledge received at the hands of Mr. Tackett that he sustained what the law defines as serious bodily injury . . . . You really don't have to worry about the proof that the robbery occurred. . . . You don't have to worry that a weapon was used, a shovel, by definition can be a deadly weapon and you don't have to really even worry about that he, the victim, got bodily injury. . . . What we are contesting is that the extent of the bodily injury that Mr. Cartledge received was sufficient to bring this crime up to especially aggravated robbery.
> . . .
> Most people don't think of a shovel as being a deadly weapon but there's a lot of things that can be used as weapons that aren't ordinarily thought of as weapons. I believe there is probably sufficient proof you could gather from the testimony that the way this shovel was used on the victim it could qualify as a deadly weapon. That would make this robbery an aggravated robbery. . . . Our position is the State has proven their case for robbery and has proven their case for aggravated robbery . . . but they are lacking on their proof beyond a reasonable doubt of one critical element in the charge of especially aggravated robbery and that is the factors that must be shown to establish serious bodily injury.

We focus, however, upon the mode of committing aggravated robbery that was charged in the indictment, that is, that the victim suffered serious bodily injury. We believe the proof is sufficient to sustain a conviction.

The Criminal Code defines "serious bodily injury" as "bodily injury which involves . . . [a] substantial risk of death[, p]rotracted unconsciousness[, e]xtreme physical pain[, p]rotracted or obvious disfigurement[, or p]rotracted loss or substantial impairment of a function of a bodily member, organ or mental faculty . . . ." Tenn. Code Ann. § 39-11-106(a)(34) (1997). "'Bodily injury' includes a cut, abrasion, bruise, burn or disfigurement; physical pain or temporary illness, or impairment of the function of a bodily member, organ or mental faculty . . . ." *Id.* at (a)(2).

The evidence at trial demonstrated that the victim lost significant quantities of blood. The victim testified that an emergency medical worker who responded to the scene said that he had a skull fracture and would not survive the transport to the hospital.[3] The victim was hospitalized for a total of ten days for his injuries and a resultant infection. His head had deep cut wounds that required one hundred staples to repair, and he is now scarred. He testified that although his vision had been good before the crime, it is now blurry and deteriorating. In the light most favorable to the state, this evidence demonstrates a substantial risk of death, as well as impairment of a bodily organ, his eyes. Therefore, the evidence of serious bodily injury is sufficient to sustain an aggravated robbery conviction.

## II

We next consider the defendant's challenge to the admission of crime scene photographs, which he claims were unduly prejudicial to him. The trial court admitted seven of the nine photographs proffered by the state. Each of these seven photographs depicts a location in the victim's home where the victim bled after the crime. Two of the photographs depict a floor covered with substantial amounts of blood, and one of those two photographs depicts a handgun that the victim testified he fired at the defendant as the defendant charged at him with the shovel. The state offered these photographs and the trial court admitted them on the basis that they were probative of the issue of whether the victim suffered serious bodily injury as required for especially aggravated robbery.

The standard for admissibility of photographic evidence is well established. The trial court must determine, first, whether the photograph is relevant. Tenn. R. Evid. 401; *State v. Banks*, 564 S.W.2d 947, 949 (Tenn. 1978). Photographs are not necessarily rendered inadmissible because they are cumulative of other evidence or because descriptive words could be used. *Collins v. State*, 506 S.W.2d 179, 185 (Tenn. Crim. App. 1973); *see also State v. Terrence L. Davis*, No.

_____

[3]We recognize that this evidence might have been the proper subject of a hearsay objection. *See* Tenn. R. Evid. 801, 802. However, no objection was offered, and the evidence was received as substantive evidence. *See State v. Smith*, 24 S.W.3d 274 (Tenn. 2000) (failure to raise contemporaneous hearsay objection renders evidence substantively admissible).

02C01-9511-CR-00343 (Tenn. Crim. App., Jackson, June 2, 1997), *perm. app. denied* (Tenn. 1998). Photographs must be relevant to prove some part of the prosecution's case and must not be admitted solely to inflame the jury and prejudice them against the defendant. *Banks*, 564 S.W.2d at 951; *see* Tenn. R. Evid. 403 (relevant evidence may be admitted if its probative value is not "substantially outweighed by the danger of unfair prejudice"). Prejudice becomes unfair when the primary purpose of the evidence at issue is to elicit emotions of "bias, sympathy, hatred, contempt, retribution, or horror." M. Graham, Handbook of Federal Evidence 182-83 (2d ed. 1986). On appeal, a trial court's decision to admit a photographic exhibit is reviewable for abuse of discretion. *Banks*, 564 S.W.2d at 949.

The photographs in this case demonstrate the victim's significant loss of blood, thereby showing a substantial risk of death. In addition, the photographs are illustrative of the victim's testimony about the extent of his injuries. We acknowledge that the photographs are unpleasant in that they demonstrate blood, some of them in large quantities. However, upon weighing the probative value of these photographs against the danger of unfair prejudice, we conclude that the trial court acted within its discretion in admitting them. *Cf. State v. Cornelius Michael Hyde*, No. E2000-00042-CCA-R3-CD, slip op. at 7-8 (Tenn. Crim. App., Knoxville, Dec. 28, 2000) (photographs of child victim's injuries highly probative of the question of serious bodily injury and properly admitted) (Wedemeyer, J., concurring on other grounds) (Tipton, J. concurring and dissenting on other grounds); *State v. Grover Donnell Cowart*, No. 03C01-9512-CR-00402, slip op. at 24 (Tenn. Crim. App., Knoxville, Jan. 8, 1999) (bloody comforter, pillowcase and t-shirt properly admitted in especially aggravated robbery and attempted first degree murder case as probative of whether victim suffered serious bodily injury and on issue of defendant's intent), *perm. app. denied* (Tenn. 1999); *State v. Melissa J. Pewitt*, No. 01C01-9706-CR-00229, slip op. at 9-10 (Tenn. Crim. App., Nashville, July 23, 1998) (admission of photographs of victim showing lacerations and blood was not plain error; photographs probative of question whether victim suffered "serious bodily injury" element of offense of especially aggravated burglary).

### III

The defendant also claims that the trial court erred in failing to instruct the jury on the offense of aggravated assault, which he claims is a lesser-included offense of especially aggravated robbery. In support of his argument, he cites our supreme court's recent decisions in *State v. Burns*, 6 S.W.3d 453 (Tenn. 1999), and *State v. Dominy*, 6 S.W.3d 472 (Tenn. 1999).

Following a charge conference with the attorneys, the trial court instructed the jury on especially aggravated robbery and the lesser-included offenses of aggravated robbery and robbery. The defense made no request that the jury be charged on any additional offenses as lesser-included. The jury returned a verdict of the greater offense, especially aggravated robbery.

We begin our analysis by acknowledging that aggravated assault is a lesser-included offense of especially aggravated robbery.[4] *See State v. Jason C. Carter*, No. M1998-00798-CCA-R3-CD, slip op. at 11 (Tenn. Crim. App., Nashville, Apr. 27, 2000), *perm. app. denied* (Tenn. 2000); *State v. James Eric Alder*, No. M1999-02544-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Nashville, Oct. 27, 2000) (aggravated assault is a lesser-included offense of aggravated robbery).

In determining whether the lesser-included offense should be charged, the trial court must engage in a two-part inquiry. First, it "must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense." *Burns*, 6 S.W.3d at 469. Such determination is made by examining the evidence in the light most favorable to the existence of the lesser-included offense. *Id.* Then, "the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense." *Id.*

When the proof of the lesser-included offense is solely a portion of the evidence supporting the existence of the greater offense, as opposed to the evidence of the lesser being an alternative explanation for what occurred, we have held that the trial court is not obliged to give the lesser-included offense instruction. In this situation, there is no evidence of the lesser offense other than the very same evidence that supports the greater offense, that is, "that reasonable minds could accept as to the lesser-included offense." *See State v. Terry T. Lewis*, No. M1999-00876-CCA-MR3-CD, slip op. at 20 (Tenn. Crim. App., Nashville, Mar. 17, 2000); *see generally Burns*, 6 S.W.3d at 469.

In this case, there is facially sufficient proof to sustain a conviction of aggravated assault. *See generally* Tenn. Code Ann. § 39-13-102 (1997) (aggravated assault). However, the evidence supporting this crime is merely a portion of the very same evidence that the state relied upon in support of its especially aggravated robbery case against the defendant. The defendant conceded all of the elements of the crime of especially aggravated robbery save serious bodily injury of the victim. Included in this concession was commission of a robbery, the principal elemental difference between the crimes of aggravated robbery and aggravated assault. Inasmuch as the defendant did not contest that he robbed the vicitm, acceptance of the defendant's theory of the case would have resulted in a guilty verdict for the offense of aggravated robbery, not the offense of aggravated assault. As such, there was not evidence "that reasonable minds could accept as to the lesser-included offense" as opposed to the greater. Therefore, a charge on the lesser-included offense of aggravated assault was not required.

---

[4] It is true that the trial court did not have the benefit of the *Burns* and *Dominy* decisions at the time this case was tried. However, both the trial court and the defense should have been aware that, even prior to those decisions, this court had said that aggravated assault could be a lesser-included offense of aggravated robbery. *See State v. Vickie R. Herron*, No. 02C01-9702-CR-00067, slip op. at 6 (Tenn. Crim. App., Jackson, Dec. 31, 1998); *State v. Aaron Benard Gray*, No. 02C01-9707-CC-00270, slip op. at 5 (Tenn. Crim. App., Jackson, May 1, 1998). As a lesser-included offense of aggravated robbery, aggravated assault was likewise lesser-included within especially aggravated robbery even before *Burns* and *Dominy*.

**IV**

Finally, we address the defendant's challenges to the trial court's ruling that his pre-trial statements and written waiver of rights were admissible and to the sentence imposed by the trial court. The defendant has waived substantive appellate consideration of either of these issues by failing to include the transcripts of the suppression and sentencing hearings in the record on appeal. *See, e.g.,* Tenn. R. App. P. 24(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). Moreover, the question of the propriety of the sentence imposed for especially aggravated robbery is moot due to our determination that the conviction must be modified to aggravated robbery and the case remanded for sentencing on the modified conviction.

In summary, none of the defendant's issues avail him of any relief. However, upon notice of plain error, we modify the especially aggravated robbery conviction to aggravated robbery and remand for sentencing on the modified conviction.

_____
JAMES CURWOOD WITT, JR., JUDGE