# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## OCTOBER SESSION, 1997

FILED

October 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

HARVEY QUALLS,      )
                         )     No. 02C01-9610-CC-00331
     Appellant     )
                         )     LAKE COUNTY
vs.                    )
                         )     Hon. JOE G. RILEY, JR., Judge
BILLY COMPTON, Warden,     )
and STATE OF TENNESSEE,     )     (Writ of Habeas Corpus)
                         )
     Appellee     )

For the Appellant:

HARVEY QUALLS, *Pro Se*
Register Number 150422
Route 1, Box 330
Tiptonville, TN 38079-9775

For the Appellee:

CHARLES W. BURSON
Attorney General and Reporter

KENNETH W. RUCKER
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

C. PHILLIP BIVENS
District Attorney General
P. O. Drawer E
Dyersburg, TN 38024

OPINION FILED: _____

AFFIRMED

**David G. Hayes**,
Judge

**OPINION**

The appellant, Harvey Qualls, appeals the trial court's dismissal of his *pro se* application for writ of habeas corpus. On March 18, 1991, the appellant pled guilty in the Shelby County Criminal Court to two counts of aggravated rape for which he received an effective sentence of twenty-five years.[1] The appellant is currently confined at the Lake County Regional Correctional Facility for these offenses. On August 12, 1996, the appellant filed an application for a writ of habeas corpus alleging that the judgment entered against him for the November 1989 aggravated rape is void because the indictment failed to allege the *mens rea* of the offense charged. On August 16, 1996, the trial court found that the appellant's petition failed to state "a proper subject of habeas corpus relief since the judgment is not void on its face" and dismissed the petition. The appellant now appeals the trial court's dismissal.

After a review of the record, we affirm the decision of the trial court.

The trial court dismissed the appellant's petition for failure to state a ground for which habeas relief was available. The appellant asserts, relying exclusively upon federal habeas corpus law, that the "defective" indictment against him effectively denied the trial court the jurisdiction to enter a judgment against him, thereby, rendering his convictions void. We reject this argument by the appellant. In Tennessee, habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired and he is being illegally restrained. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). It is well-

---

[1]We note that the appellant pled guilty to two counts of aggravated rape, one offense occurring between November 1, 1987 and October 31, 1989, and one offense occurring between November 1, 1989, and November 30, 1989. In his petition and, again, in his brief, the appellant only challenges the offense which occurred between November 1, 1989, and November 30, 1989.

2

established that allegations concerning the sufficiency of the indictment are not the proper subject of state habeas corpus relief. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969); Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App. at Nashville, Feb. 23, 1995). Clearly, the appellant is attempting to expand the scope of habeas corpus in Tennessee to that which applies in the federal courts. See 28 U.S.C.S. § 2241 *et seq.* However, we are not obligated to incorporate federal habeas limits and laws into our state procedure. Turks v. State, No. 02C01-9502-CR-00035 (Tenn. Crim. App. at Jackson, Jan. 3, 1997). This argument is without merit.

Moreover, we find the substance of the appellant's claim to be without merit. The appellant, in his application for writ of habeas corpus, alleges, relying upon State v. Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996) and State v. White, No. 03C01-9408-CR-00277 (Tenn. Crim. App. at Knoxville, June 7, 1995), that the judgments entered against him for the offense aggravated rape is void because the indictment fails to allege the *mens rea* of the offenses charged. In order for an indictment to satisfy both constitutional and statutory guidelines, it must contain the material elements of the offense and must sufficiently apprise the accused of the offense he is called upon to defend. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995); see also Tenn. Code Ann. §40-13-202 (1990); State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992). No requisite mental state is included in the definition of these offenses. See Tenn. Code Ann. § 39-13-502 (1990). When the legislature fails to define a specific mental state in the definition of an offense, permitting proof of either intent, knowledge, or recklessness, Tenn. Code Ann. § 39-11-301(c)(1991), an allegation of criminal conduct will provide the accused constitutionally adequate notice of the facts constituting the offense. Moreover, since under these circumstances the accused's mental state is not a material element of the offense and need not be

included in the indictment, the appellant's challenge is not jurisdictional in nature, *i.e.*, a defect that renders the indictment invalid. <u>State v. Dison</u>, No. 03C01-9602-CC-00051 (Tenn. Crim. App. at Knoxville, Jan. 31, 1997). Other panels of this court have upheld the validity of indictments under similar challenges. <u>See, e.g.</u>, <u>Slagle v. State</u>, No. 03C01-9704-CR-00145 (Tenn. Crim. App. at Knoxville, June 25, 1997); <u>State v. Vann</u>, No. 03C01-9602-CC-00066 (Tenn. Crim. App. at Knoxville, June 10, 1997); <u>State v. James</u>, No. 01C01-9601-CR-00016 (Tenn. Crim. App. at Nashville, Mar. 27, 1997); <u>State v. Burrell</u>, No. 03C01-9404-CR-00157 (Tenn. Crim. App. at Knoxville, Feb. 11, 1997).

Contrary to the appellant's assertions, the allegations in the indictment sufficiently apprise the accused of the aggravated rape. Consequently, we find the indictment valid.[2] The trial court's dismissal of the appellant's petition for writ of habeas corpus is affirmed.

_____

[2]Moreover, although not questioned by the appellant in the present proceeding, we would further find that any similar challenge in the future to the pre-1989 offense of aggravated rape is likewise without merit. The decisions in <u>Hill</u> and <u>White</u> involve post-1989 indictments and specifically address Tenn. Code Ann. § 39-11-301(c)(1990) (requirement of culpable mental state). The appeal now before this court involves an indictment returned in 1987. Prior to 1989, the Code did not contain a provision comparable to Tenn. Code Ann. § 39-11-301(c). Accordingly, the decisions in <u>Hill</u> and <u>White</u> do not control review of this issue. On the date of the offenses in this case, the offense of aggravated rape required a defendant to have an "unlawful" or "felonious" intent. Tenn. Code. Ann. § 39-02-603 (1982). The indictment in the present case charged that the appellant did "unlawfully" and "feloniously" commit the charged offense. This language was sufficient under the law as it existed at the time. <u>See</u> <u>Campbell v. State</u>, 491 S.W.2d 359, 361 (Tenn. 1973) (an indictment using the words "feloniously" or "unlawfully" is sufficient).

DAVID G. HAYES, Judge

CONCUR:

_____

JOHN H. PEAY, Judge

_____

PAUL G. SUMMERS, Judge