IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
OCTOBER SESSION, 1998

FILED

March 17, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9801-CR-00005 |
| | ) | |
| Appellee, | ) | KNOX COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. RICHARD BAUMGARTNER, |
| LONNIE CANNON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (AGGRAVATED ASSAULT) |

FOR THE APPELLANT:

**W. ZANE DANIEL**
DANIEL & OBERMAN
Nationsbank Building, Suite 950
550 West Main Avenue
Knoxville, TN 37902

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**RANDALL E. NICHOLS**
District Attorney General

**MARSHA SELECMAN**
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Lonnie Cannon, appeals as of right following his conviction and sentencing in the Knox County Criminal Court. Defendant was charged in a six-count indictment with offenses ranging from attempted murder to aggravated assault. The jury acquitted the Defendant of all charges except for reckless aggravated assault. The trial court held a sentencing hearing and sentenced the Defendant as a Range I Standard Offender to serve a total sentence of four (4) years, served by split confinement comprising nine (9) months in the Knox County Jail with the balance suspended on intensive probation. Defendant argues the sentence imposed by the trial court was excessive, with improper application of both enhancement and mitigating factors. He also argues that he should have been granted full probation. We affirm the judgment of the trial court.

When an accused challenges the length, range or the manner of service of a sentence, this court has the duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives;

(d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A brief summary of the facts is helpful for our review. Defendant, a twenty-nine (29) year old lifelong resident of Knox County, went into the Tekoa Lounge at approximately 10:30 p.m. While Defendant was apparently not intoxicated, he may have been drinking. Defendant attempted to shoot pool for money, but he was unable to find anyone to play with and began to create a disturbance. This disturbance became very loud and obnoxious, eventually disrupting the patrons of the establishment. The victim, the owner of the bar, advised the victim that "[he had] had enough tonight . . . come back tomorrow. I will buy you a beer . . . You need to leave," and escorted the Defendant to the door. As Defendant was leaving, he spit on one of the customers in the bar with whom he previously had a confrontation earlier that same evening. That same customer became angry and hit the Defendant.

Defendant got inside his vehicle parked directly outside the door of the bar and backed it up. He drove back and forth in the parking lot several times, revving his engine at a high speed. A witness who was in the rear seat of the Defendant's car testified that he was being thrown around in the back seat of the vehicle. All the testimony reflected that the victim then came out of the bar into the parking lot and held up his hand in the air to indicate that Defendant should stop. Defendant drove his vehicle in a line towards the victim. His car hit the victim, with the victim going up over the hood, hitting the windshield, traveling over the top of the car and coming to rest in the parking lot. Defendant's testimony at the time of the trial and the sentencing hearing was that he did not know that he had hit anyone. The trial court reasoned that it would be difficult to hit an adult individual, "have them come across your hood, hit your windshield, and fly over the top of your car, and not know that you hit anything."

After striking the victim, the Defendant drove out of the parking lot towards his home. Instead of driving home and parking his car, he drove to a nearby home which was vacant and parked his car on the far side of an embankment. The Defendant then walked home and went to bed. When Detective Mike Upchurch later arrived at Defendant's home, Defendant told him that he had not been to any bar, but had been home watching television that night and had been in bed for over four (4) hours. The trial court stated "that goes to further show not only that [Defendant] was aware of the fact that he had hit somebody up at that bar, and that he was in trouble, but he took active steps to conceal his conduct and lied to the police when initially confronted with this revelation."

The trial court first noted that it was "compelled to follow the sentencing statute," and that the total range of punishment for a Class D felony is two (2) to twelve (12) years. Tenn. Code Ann. § 40-35-111(b)(4). As a Range I Standard Offender, the proper range of punishment is two (2) to four (4) years. Tenn. Code Ann. § 40-35-112(a)(4). The trial court stated that it took into account the testimony at trial, the statements of the victims and the Defendant at the sentencing hearing, and the presentence report. The only enhancement factors the trial court determined as appropriate were that the personal injuries inflicted upon the victim were particularly great and that the Defendant used a deadly weapon, his vehicle, in the commission of the offense. Tenn. Code Ann. § 40-35-114 (6) and (9).

While the trial court agreed that aggravated assault involves serious bodily injury as an element of the offense, he based the application of factor (6) upon the fact that proof showed the victim's injuries were far in excess of those contemplated by the statute defining "serious bodily injury." The trial court reasoned that the fifty (50) year old victim nearly died as a result of these injuries, and that as a result of these injuries he had not only permanent physical impairment, but permanent neurological deficits which seriously limit his physical and mental abilities. In applying factor (9), the trial court stated that this offense was committed by virtue of Defendant's car. The trial court noted that if the Defendant had been found guilty of aggravated assault by the use of a deadly weapon, his vehicle, then this enhancement factor would not apply because it would be "part and parcel of the offense itself." However, the Defendant was found guilty of reckless conduct causing serious bodily injury, therefore the application of enhancement factor nine (9) is appropriate.

With regard to mitigating factors, the trial court found that the only prior criminal conduct indicated on Defendant's record was a charge of public intoxication. This was the only mitigating factor the trial court deemed appropriate.

As the State correctly concedes within its brief, the record supports the application of one of the enhancement factors applied by the trial court, but not both. The trial court may not consider an element of the crime as an enhancement factor. State v. Jones, 883 S.W.2d 597, 602 (Tenn. 1994). The aggravated assault offense for which Defendant was convicted occurs whenever a person recklessly commits an assault and causes serious bodily injury to another or uses or displays a deadly weapon. Tenn. Code Ann. § 39-13-102(a)(2). The jury found the Defendant guilty of recklessly causing bodily injury to another and that such bodily injury was serious pursuant to the fifth count of the indictment against the Defendant. Thus, the imposition of enhancement factor (6) was inappropriate. State v. Crowe, 914 S.W.2d 933, 940 (Tenn. Crim. App. 1995). The application of enhancement factor (9), that the Defendant used a deadly weapon during the commission of the offense, was correctly imposed. A motor vehicle may properly be determined to be a deadly weapon. State v. Tate, 912 S.W.2d 785, 787 (Tenn. Crim. App. 1995) (citations omitted).

While one enhancement factor was incorrectly applied, this court has reviewed the evidence and finds that an additional enhancement factor should have been applied. Testimony indicated that the victim's wife was in the direct vicinity of the victim when he was assaulted by the Defendant. In fact, she had to jump out of the way of the oncoming car in order to escape serious injury. Therefore, as proof established that there was risk to life to the victim's wife, enhancement factor (10)

applied as a person other than the victim was in the area and was potentially subject to injury. State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995) (citations omitted).

Based upon the review of the applicable mitigating factors, this court finds no error in the trial court's application of only one (1) mitigating factor. Testimony reflected that it was the Defendant who began the disturbance at the bar that night and continued the disturbance until he was asked to leave by the victim. On his way out of the bar, the Defendant spit at another customer. When the Defendant had escaped the scene, he continued to cause the disturbance by revving his motor and attempting to ram the victim's bar with his vehicle. When the victim asked him to stop, he drove his vehicle directly towards the victim, hitting him, and then fled the scene. Even though some testimony indicated that Defendant was hit by a customer of the bar, there is not sufficient evidence to mitigate the Defendant's sentence due to his own actions.

Based upon the application of two (2) enhancement factors and one (1) mitigating factor, a sentence of four (4) years is amply justified by the record. The weight to be afforded each mitigating and enhancement factor is determined by the trial court. There is no merit to Defendant's argument regarding the length of the sentence imposed.

Defendant further argues that he was unjustly denied any type of alternative sentence. However, as the record and judgment aptly reflect, the trial court suspended all of the Defendant's four (4) year sentence except for nine (9) months. Defendant was therefore given an alternative sentence involving split confinement.

Convicted of a Class D felony, Defendant was entitled to the presumption that he was a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). While the trial court was required to automatically consider the Defendant for an alternative sentence, including probation, the Defendant bore the burden of establishing both his suitability and that an alternative to incarceration would "subserve the ends of justice and the best interest of both the public and the defendant." State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (citations omitted). The Defendant bears the burden of establishing suitability for full probation. Tenn. Code Ann. § 40-35-303(b).

In deciding whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's potential or lack of potential for rehabilitation, whether full probation will unduly depreciate the seriousness of the offense, and whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes. Tenn. Code Ann. §§ 40-35-210(b)(4), -103(5), -103(1)(B); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In determining that Defendant's sentence would involve nine (9) months of confinement, the trial court based his decision upon the fact that confinement was necessary to avoid depreciating the seriousness of this offense. Tenn. Code Ann. § 40-35-103(1)(B). Also, the trial court found that the Defendant was not credible and had tried to hide his crime. A lack of truthfulness is indicative of a defendant's lack of "potential for rehabilitation." State v. Byrd, 861 S.W.2d 377, 380 (Tenn. Crim. App. 1993). In sentencing Defendant to serve nine (9) months, with the remainder to be served on probation, the trial court reasoned that the injuries sustained by the victim were extensive while the victim was merely trying to diffuse the situation. Furthermore, the trial court again relied upon the Defendant's actions of attempting

to conceal the car on the night of the offense and then refusing to accept any responsibility for his actions.

While Defendant argues that he was denied alternative sentencing, that is not correct. Defendant was given alternative sentencing in the form of probation for the majority of his sentence, with only nine (9) months to be served in the county jail. Sentencing must be determined on a case-by-case basis, with each sentence tailored to that particular defendant based upon the facts and circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). The trial court concluded that Defendant did not meet his burden of establishing suitability for full probation, and our review of the trial court's findings is de novo with a presumption of correctness. Boggs, 932 S.W.2d at 476. Based upon the nature and circumstances of this offense and the Defendant's lack of rehabilitative potential due to his established lack of credibility, we conclude that Defendant has failed to meet his burden of entitlement to total probation.

The Defendant also alludes to the argument that the trial court should have sentenced him to the Community Alternatives to Prison Program (CAPP), which is the Community Corrections Program established pursuant to Tennessee Code Annotated section 40-36-101 et seq in Knox County. From the record, it appears that Defendant did not urge this alternative sentence to the trial court until after the sentencing hearing was complete and the trial court had imposed the sentence. In any event, the record indicates that the eligibility criteria for CAPP, according to its own report concerning Defendant, requires for a defendant to be eligible, that there be no serious bodily harm to the victim. Tenn. Code Ann. § 40-36-106(a)(3). For

this reason and under the circumstances of this case, the trial court did not err in declining to allow service of the sentence under the CAPP program.

After a thorough review of the record, the briefs and the applicable law in this case, we find no error in the Defendant's sentence and affirm the judgment of the trial court.


_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
DAVID H. WELLES, Judge