IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
SEPTEMBER SESSION, 1997

FILED

October 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| KENNETH LOWE, | ) | |
| | ) | No. 03C01-9612-CR-00467 |
| Appellant | ) | |
| | ) | JOHNSON COUNTY |
| vs. | ) | |
| | ) | Hon. Lynn W. Brown, Judge |
| HOWARD CARLTON, | ) | |
| WARDEN, and STATE OF | ) | (Writ of Habeas Corpus) |
| TENNESSEE, | ) | |
| | ) | |
| Appellee | ) | |

For the Appellant:

**Kenneth Lowe**, *Pro Se*
212010 NECC
P. O. Box 5000
Mountain City, TN 37683-5000

For the Appellee:

**Charles W. Burson**
Attorney General and Reporter

**Michael J. Fahey, II**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

(AT TRIAL AND ON APPEAL)

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

## OPINION

The appellant, Kenneth Lowe, appeals the trial court's dismissal of his *pro se* petition for writ of habeas corpus relief. In September of 1992, the appellant was convicted by a Bradley County jury of the offenses of attempt to commit rape and aggravated rape and was subsequently sentenced to an effective sentence of fifteen years imprisonment. He is currently confined at the Northeast Correctional Center in Johnson County. The appellant filed the instant petition alleging that the judgments entered against him are void because the indictment failed to allege the *mens rea* of the offenses charged. The trial court dismissed the petition on the basis that allegations concerning the sufficiency of the indictment are not the proper subject of habeas corpus relief. We agree with this ruling. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969); Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App. at Nashville, Feb. 23, 1995). Accordingly, we affirm the trial court's dismissal of the petition.

Moreover, upon further review, we find the substance of the appellant's claim without merit. In order for an indictment to satisfy both constitutional and statutory guidelines, it must contain the material elements of the offense and must sufficiently apprise the accused of the offense he is called upon to defend. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995); see also Tenn. Code Ann. §40-13-202 (1990); State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992). As previously stated by panels of this court, no requisite mental state is included in the definitions of the offenses of rape and aggravated rape. See Tenn. Code Ann. § 39-13-502; -503. When the legislature fails to define a specific mental state in the definition of an offense, proof of either intent, knowledge, or recklessness suffices to establish the culpable mental state. Tenn. Code Ann. § 39-11-301(c)(1991). Accordingly, the accused's mental

2

state is not a <u>material</u> element of the offense and need not be included in the indictment. <u>State v. Dison</u>, No. 03C01-9602-CC-00051 (Tenn. Crim. App. at Knoxville, Jan. 31, 1997). Other panels of this court have upheld the validity of indictments under similar challenges. <u>See, e.g.</u>, <u>Slagle v. State</u>, No. 03C01-9704-CR-00145 (Tenn. Crim. App. at Knoxville, June 25, 1997); <u>State v. Vann</u>, No. 03C01-9602-CC-00066 (Tenn. Crim. App. at Knoxville, June 10, 1997); <u>State v. James</u>, No. 01C01-9601-CR-00016 (Tenn. Crim. App. at Nashville, Mar. 27, 1997); <u>State v. Burrell</u>, No. 03C01-9404-CR-00157 (Tenn. Crim. App. at Knoxville, Feb. 11, 1997).

Contrary to the appellant's assertions, the allegations in the indictment sufficiently apprise the accused of the offenses of attempt to commit rape and aggravated rape. Consequently, we find the indictment valid. The trial court's dismissal of the appellant's petition for writ of habeas corpus is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
WILLIAM M. BARKER, Judge