IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 20, 2008

## ROBERT M. WINTERS v. CHERRY LINDAMOOD, WARDEN, AND THE STATE OF TENNESSEE

Direct Appeal from the Circuit Court for Wayne County
No. 14253    Jim T. Hamilton, Judge

No. M2007-02699-CCA-R3-HC - Filed March 25, 2009

The petitioner, Robert M. Winters, was convicted of felony murder and aggravated robbery. He received a total effective sentence of life in the Tennessee Department of Correction. Subsequently, he filed a petition for a writ of habeas corpus, alleging that his convictions were void because of faulty indictments and that his counsel was ineffective. The habeas corpus court summarily dismissed the petition, finding that the petitioner failed to allege grounds upon which habeas corpus relief could be granted. On appeal, the petitioner challenges the summary dismissal. Based upon the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**.

NORMA McGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Robert M. Winters, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

This court previously summarized the history of the petitioner's case as follows:

> In 2000, the petitioner was convicted of first degree premeditated murder, felony murder, and aggravated robbery as the result of the shooting death of Vernise Sheffield, who was killed by a single gunshot wound to the head. The trial court imposed

concurrent sentences of life and twelve years for the first degree premeditated murder and aggravated robbery convictions, respectively. On direct appeal, this court reversed the conviction for first degree premeditated murder but affirmed the convictions for aggravated robbery and felony murder. State v. Winters, 137 S.W.3d 641 (Tenn. Crim. App. 2003).

Robert Michael Winters v. State, No. E2005-01349-CCA-R3-PC, 2005 WL 3479506, at *1 (Tenn. Crim. App. at Knoxville, Dec. 20, 2005). Subsequently, the petitioner filed a petition for post-conviction relief, which was dismissed as untimely. On appeal, this court upheld the summary dismissal of the post-conviction petition. Id.

Thereafter, the petitioner filed a petition for habeas corpus relief, alleging that the indictments failed "to cite the pertinent statute and its language, and fail[ed] to charge an offense, that in consequence the trial court was without [s]ubject [m]atter [j]urisdiction to hear the especially [a]ggravated [r]obbery and [f]elony [m]urder in the perpetration of a [r]obbery charges." Specifically, the petitioner asserted that the "face of the [i]ndictment," which listed the counts against the petitioner, reflected that on count three, the petitioner was charged with especially aggravated robbery. The petitioner maintained that, in fact, the actual language of count three charged him with only aggravated robbery and cited the aggravated robbery statute. The petitioner said that at trial he was convicted of especially aggravated robbery but that the trial court "amend[ed]" the indictment after his conviction and entered a judgment of conviction for aggravated robbery. The petitioner also argued that the indictment charging him with felony murder was insufficient. He contended that although the indictment charged him with murder in the perpetration of a robbery and cited the felony murder statute, the indictment did not cite the "appropriate subsections" of the felony murder statute and was therefore invalid. As his final claim in his habeas corpus petition, the petitioner contended that his trial counsel was ineffective.

The State filed a motion to dismiss the petition, arguing that on count three "the judgment form attached to the petition indicates that the petitioner agreed to an amended charge of aggravated robbery." The State also argued that the petitioner failed to attach the felony murder indictment to his petition and thereby waived the issue. Finally, the State contended that ineffective assistance of counsel would, at best, render the petitioner's convictions voidable, not void, and was thus not a basis for habeas corpus relief. The habeas corpus court dismissed the habeas corpus petition, and the petitioner filed this appeal.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the

confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83). Our supreme court has stated that "[w]hen the habeas corpus petition fails to demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

Typically, challenges to an indictment are not proper for a habeas corpus action. Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, our supreme court has held that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, (Tenn. 1998). It is undisputed that a valid indictment is essential to establish jurisdiction for prosecution. Id. Generally, an indictment is valid if the information contained therein provides sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Moreover, our supreme court has concluded that there is no need to conform to traditionally strict pleading requirements which are fraught with empty technicalities. Id. at 727-28.

The petitioner attached to his habeas corpus petition a copy of count three of the indictment.[1] The language in that count cited and tracked the language of the aggravated robbery statute. See Tenn. Code Ann. § 39-13-402. Generally, an indictment is sufficient if it states the offense charged in the words of the statute or in words which are equivalent to the words contained in the statute. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995). The judgment of conviction on that count reflects that the petitioner's conviction was "[a]mended to aggravated robbery by agreement of the state and the [petitioner]." From the record before us, it seems that, contrary to the petitioner's argument, the trial court did not summarily "amend" the indictment after the petitioner's conviction. Instead, the trial court, by agreement of the State and the petitioner, amended the petitioner's

---

[1] The petitioner also attached to his appellate brief a copy of the proceeding during which he agreed to be sentenced for aggravated robbery. However, "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal." Grover L. Dunigan v. State, No. E2005-01574-CCA-R3-PC, 2006 WL 433699, at *3 (Tenn. Crim. App. at Knoxville, Feb. 23, 2006); see also State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990).

-3-

conviction to the offense that was charged in the indictment. Any issues related to the trial court's action would render the petitioner's conviction voidable, not void, and is therefore not cognizable in a habeas corpus action.

Turning to the petitioner's complaint regarding his felony murder indictment, we note that as the State observed, the petitioner failed to attach a copy of the indictment to his habeas corpus petition. As such, the petitioner has waived this issue. See Tenn. R. App. P. 24(b); see also Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). Nevertheless, a reading of the petition reveals that the petitioner is not entitled to habeas corpus relief on this claim, even if his argument were taken as true. The petitioner contends that the felony murder indictment is fatally defective because it failed to cite to the appropriate subsection of the felony murder statute. The petitioner concedes that the felony murder statute was cited in the indictment and that the indictment charged him with the murder of the victim in the perpetration of or attempt to perpetrate a robbery, thus complying with notice requirements. See Hill, 954 S.W.2d at 727. Therefore, the indictment was not fatally defective.

Finally, the petitioner complains that his trial counsel was ineffective. However, a claim of ineffective assistance of counsel, at best, renders a challenged judgment voidable rather than void; therefore, such an allegation is not a cognizable claim for habeas corpus relief. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Generally, the "authorized route for attacking a facially valid, final judgment of conviction is by the Post-Conviction Procedure Act." State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987). The petitioner was not entitled to habeas corpus relief on this basis. Accordingly, we conclude that the habeas corpus court did not err in summarily dismissing the petition.

### III. Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE