# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## ROBERT J. SKILLEN v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Wayne County
No. 15298     Jim T. Hamilton, Judge

---

### No. M2013-00600-CCA-R3-HC - Filed August 16, 2013

---

Robert J. Skillen ("the Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus, alleging that the indictment for his two convictions for sexual battery by an authority figure and four convictions for rape of a child is defective because it failed to allege any facts constituting an offense. The habeas corpus court summarily denied relief, and this appeal followed. We affirm the habeas corpus court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Robert J. Skillen, Clinton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Clark B. Thornton, Assistant Attorney General; for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In February 2005, the Petitioner pleaded guilty to two counts of sexual battery by an authority figure and four counts of rape of a child. The trial court imposed an effective sentence of twenty-five years at 100%.

On December 17, 2012, the Petitioner filed his first petition seeking habeas corpus relief. The habeas corpus court summarily dismissed the petition, and the Petitioner appealed. On appeal, the Petitioner contends that the indictment for his convictions failed to allege any facts constituting an offense. The State moved to affirm the habeas corpus

court's judgment pursuant to Rule 20, Rules of Court of Criminal Appeals. The State's motion is well taken, and, accordingly, we affirm the habeas corpus court's judgment pursuant to Rule 20.[1]

## Analysis

"Whether to grant relief upon review of the denial of a petition for a writ of habeas corpus is a question of law." Cantrell v. Easterling, 346 S.W.3d 445, 448 (Tenn. 2011) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Thus, this Court's standard of review is de novo, with no presumption of correctness. Id. (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. Statutory law, however, has governed this right in Tennessee for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101 (Supp. 2011).

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)); see also Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993). On the other hand, "[a] voidable judgment is one that is facially valid and requires

---

[1] Rule 20 provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record.

Tenn. Ct. Crim. App. R. 20.

proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

*Indictment*

The Petitioner challenges the six counts of his indictment resulting in his two convictions for sexual battery by an authority figure and four convictions for rape of a child. His primary assertion is that the indictment for these convictions failed to allege any facts constituting an offense. He further contends that the indictment also failed to allege the elements of the offenses for which he was convicted and failed to "apprise the [Petitioner] of the offenses he was called upon [to] defend." Accordingly, the Petitioner asserts that the trial court was without jurisdiction to enter the judgments against him.

The two counts of the indictment for his sexual battery by an authority figure convictions charged that the Petitioner

> on a date between February 17, 2003 and February 18, 2004, in Davidson County, Tennessee . . . did intentionally engage in unlawful sexual contact with [the victim], a child thirteen (13) years of age or older but less than eighteen (18) years of age, and at the same time of the offense [the Petitioner] had parental or custodial authority over [the victim] and used such authority to accomplish the sexual contact, in violation of Tennessee Code Annotated § 39-13-527, and against the peace and dignity of the State of Tennessee.

The first two counts of the indictment for his rape of a child convictions charged that the Petitioner

> on a date between February 17, 2003 and August 21, 2003, in Davidson County, Tennessee . . . did intentionally, knowingly, or recklessly engage in unlawful sexual penetration of [the victim], a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39-13-522, and against the peach and dignity of the State of Tennessee.

A different victim was named in the other two counts of rape of a child. The two counts naming the second victim used the date of December 10, 2003, instead of August 21, 2003. In all other respects, the language charging these counts was the same.

"[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the [trial] court of jurisdiction." Dykes, 978 S.W.2d at 529. However, so long as the indictment performs its essential constitutional and statutory purposes, habeas corpus relief is not warranted. Id. (citing State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997)). An indictment passes constitutional muster when it provides (1) notice of the charge against which the accused must defend himself; (2) an adequate basis for the entry of a proper judgment; and (3) protection of the accused from double jeopardy. Hill, 954 S.W.2d at 727. Additionally, an indictment satisfies statutory requirements when it

> state[s] the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment[.]

Tenn. Code Ann. § 40-13-202 (2003). Moreover, as a general rule, it is sufficient to state the offenses charged in the words of the statute or words which are equivalent to the words contained in the statute. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995) (internal citations omitted).

The Petitioner's indictment satisfied all of these criteria. The instant indictment also contains accurate references to the relevant statutes. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000) (citations omitted). The two counts alleging sexual battery by an authority figure and four counts alleging rape of a child meet the constitutional and statutory requirements of notice and form. Thus, the indictment is valid.

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the habeas corpus court pursuant to Rule 20, Rules of Court of Criminal Appeals.

_____
JEFFREY S. BIVINS, JUDGE