IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2013

**VERLIN RALPH DURHAM v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Johnson County**
**No. 6231   Robert E. Cupp, Judge**

---

**No. E2013-01175-CCA-R3-HC - Filed November 20, 2013**

---

The petitioner, Verlin Ralph Durham, appeals the dismissal of his petition for the writ of habeas corpus. The petitioner is currently serving a life sentence in the Department of Correction following his first degree murder conviction. On appeal, he contends that the dismissal of the petition was error because the indictment in his case was facially void and that his conviction is illegal because he was convicted pursuant to a prior repealed statute. Following review of the record, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Verlin Ralph Durham, Mountain City, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Tony Clark, District Attorney General; and David Crockett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

In October 1996, the petitioner was convicted of fatally shooting his wife at a United gas station and convenience store where she was employed. *State v. Verlin Ralph Durham*,

No. 03C01-9802-CR-00063, 1999 Tenn. Crim. App. LEXIS 750, *2 (Tenn. Crim. App., at Knoxville, Jul. 26, 1999). Following his conviction for first degree murder, he was sentenced to life imprisonment. *Id*. at *1. The petitioner appealed, raising multiple issues before this court. His conviction and sentence were affirmed, and the Tennessee Supreme Court denied permission to appeal. *Id*.

In March 2013, the petitioner filed the instant pro se petition for the writ of habeas corpus based upon his allegation that the indictment charging him was facially invalid. After reviewing the petition, the State's motion to dismiss, and the petitioner's response, the habeas corpus court concluded that the indictment was jurisdictionally valid and summarily dismissed the petition. The petitioner has timely appealed that dismissal.

**Analysis**

On appeal, the petitioner argues that the indictment charging him with first degree murder is facially void and that his resulting judgment of conviction is illegal because he was indicted pursuant to the law in effect prior to the 1995 amendment to the first degree murder statute, which omitted the element of deliberation. The petitioner contends that the indictment was so defective that the trial court was without jurisdiction to enter the judgment. A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. T.C.A. § 29-21-101, et seq, (2010). However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Id*. at 163 (internal quotations omitted). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof
> beyond the face of the record or judgment to establish its invalidity. Thus, in
> all cases where a petitioner must introduce proof beyond the record to establish
> the invalidity of his conviction, then that conviction by definition is merely
> voidable, and a Tennessee court cannot issue the writ of habeas corpus under
> such circumstances.

*Hickman v. State*, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citations and quotations

-2-

omitted); *see also Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. *Hickman*, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate the convictions are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The indictment in this case reads that the petitioner on or about:

> the 1st day of October, 1996, in Washington County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally, deliberately, and with premeditation kill Joyce Durham, in violation of section 39-13-202, Tennessee Code Annotated, and against the peace and dignity of the State of Tennessee.

It is not disputed that the first degree murder statute was amended effective July 1, 1995, or that the petitioner's crime was committed after that date. Prior to 1995, first degree murder was defined as an intentional, premeditated, and deliberate killing of another. After the amendment, the crime was defined as a premeditated and intentional killing of another, thus deleting the element of deliberation. T.C.A. § 39-13-202 (Supp. 1996). Moreover, it is clear that the petitioner was indicted pursuant to the obsolete statute which required a finding of deliberation.

In fact, the error was noticed during the trial. Sua sponte, the trial court made the following statements on the record:

> One thing that has not been filed that I noticed some time ago, the State in the indictment alleges deliberation for a murder occurring in 1996. That was removed as an element of the offense of first degree murder in 1995, the previous year. I had been thinking about the situation, and one thing that I can think of is that there's a possibility that the Supreme Court may declare the present murder statute unconstitutional so what you've done is indicted under the previous murder statute which really is to the benefit of the defense, and I want to call that to your attention that the indictment does not follow the law. It follows the previous law, and I have gone ahead and prepared my instructions accordingly which puts a greater burden on the State but may keep it from being constitutionally suspect some place down the road.

-3-

From this statement, it is apparent that the jury was charged pursuant to the pre-1995 law. The issue was also addressed in this court's opinion affirming the petitioner's conviction.

> At the time of the offense in this case, the relevant statute defined first degree murder as "[a] premeditated and intentional killing of another." Tenn. Code. Ann. § 39-13-202(a)(1) (1996). However, in the indictment the State charged the [petitioner] with first degree murder as defined prior to July 1, 1995. Prior to that date, first degree murder required deliberation in addition to intent and premeditation. Tenn. Code Ann. § 39-13-202(a)(1) (1994). Before trial, the trial court noted the State's error and also noted that the error benefitted the [petitioner] by placing a greater burden of proof upon the State. Because the State had failed to submit a motion to amend the indictment, the court concluded that it would instruct the jury according to the old statute. Defense counsel proffered no objection and does not challenge the indictment on appeal.
>
> Thus, at trial, the State was required to prove beyond a reasonable doubt that the [petitioner] killed [the victim] with intent, premeditation, *and deliberation*. . . .

*Verlin Ralph Durham*, 1999 Tenn. Crim. App. LEXIS, *24-25 (emphasis in original). The court found that the evidence was sufficient to support the conviction. *Id*. at *32.

In denying the instant petition for habeas corpus relief, the court found that:

> . . . [T]he State is correct in its assertion that "the error noted by the Trial and Appellate Courts did not affect the jurisdictional validity of the indictment." This Court adopted the State's analysis as to the validity of the Petitioner's indictment. Because of this, the court is of the opinion that the trial court had jurisdiction in this matter and therefore the judgment of conviction is valid.

The State's analysis adopted by the court was that "[t]he allegation that the killing required "deliberation" was surplusage in light of the 1995 statute that only required proof that the killing was premeditated and intentional. This error did not render the indictment fatally defective. Therefore, the trial court had jurisdiction over the prosecution."

On appeal, the petitioner contends that the indictment was so defective, because it failed to follow the applicable law in effect at the time of the crime, that it failed to vest jurisdiction with the trial court to enter a judgment of conviction. We recognize that the

-4-

indictment did charge the petitioner pursuant to the old law: however, we conclude that it did not deprive the court of jurisdiction.

"[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). Generally, an indictment is valid if it contains information that is sufficient "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997); *see also* T.C.A. § 40-13-202 (2010). The general rule is that an indictment is sufficient if it states the offense charged in the words of the statute or in words equivalent to those contained in the statute. *State v. Tate*, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995) (citations omitted).

As argued by the State, the indictment charging the petitioner with first degree murder did charge him using words which were equivalent to those contained in the statute in effect at the time of the offense, *i.e.*, the 1995 amended law, because, although the amendment removed the word deliberation, it did not dispense with the concept. We do agree that our supreme court, in *State v. Brown*, 836 S.W.2d 530 (Tenn. 1992), referring to the pre-1995 law, stated that the elements of premeditation and deliberation were essential to a first degree murder conviction, and, further, that the two terms were not synonymous. *Brown,* 836 S.W.2d at 538-39. Premeditation refers to a previously-formed intent to kill, while "deliberation requires proof of a cool purpose that includes some period of reflection during which the mind is free from passion or excitement." *State v. Bush*, 942 S.W.2d 489, 501 (Tenn. 1997).

While the law following the 1995 amendment did remove "deliberation" as a separate element, the concept of deliberation remained encompassed within the statute pursuant to the amended definition of "premeditation." The 1995 amendment included a revised definition of "premeditation," which stated:

> [P]remeditation is an act *done after the exercise of reflection and judgment.* "Premeditation" means that the intent to kill must have been formed prior to the act itself. It is not necessary that the purpose to kill pre-exist in the mind of the accused for any definite period of time. The mental state of the accused at the time the accused allegedly decided to kill must be carefully considered in order to determine *whether the accused was sufficiently free from excitement and passion as to be capable of premeditation*.

T.C.A. § 39-13-202(d) (1996 Supp.) (emphasis added). Thus, while the element of

deliberation was omitted specifically, the amended definition of premeditation retained the general concept of the omitted element. This court has previously noted that, an instruction to the jury "that a premeditated act is one done after the exercise of reflection and judgment encompasses the general concept of deliberation as set forth in prior law." *State v. Luther Ray Dotson, Jr.,* No. E1999-00640-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 359, *24 n.1 (Tenn. Crim. App., at Knoxville, May 3, 2000) (citing *Brown*, 836 S.W.2d at 543). The finding of deliberation is now merely incorporated within the definition of premeditation, not totally dispensed with as argued by the petitioner. *See Hart v. State*, 21 S.W.3d 901, 904-05 (Tenn. 2000) (indictment incorrectly charging defendant with "carnal knowledge" under a repealed statute not defective where "acts amounting to 'carnal knowledge' are included in the definition of 'sexual penetration.'"). As such, the petitioner is incorrect in his contention that "[t]he 1995 amendment's statutory language prohibited a conviction based upon deliberation."

As argued by the State, the indictment at issue in this case charged the petitioner with first degree murder in words equivalent to the law in effect at the time of the offense. Because the crime was defined so similarly under both the pre- and post- amended law, the indictment was sufficient to provide the petitioner with notice of the charge, provide the court with the basis for entry of judgment, and protect the petitioner against double jeopardy. The conviction in the case was not rendered void by use of the language of the prior version of the statute, and the trial court had jurisdiction to enter judgment. As such, the habeas corpus court correctly determined that relief was not warranted in this case.

## CONCLUSION

Based upon the foregoing, the denial of the petition for writ of habeas corpus relief is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE

-6-