# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 11, 2014

## FERNANDEZ DEON DAVENPORT v. ARVIL CHAMPMAN, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15356     Jim T. Hamilton, Judge**

---

### No. M2013-01680-CCA-R3-HC - Filed March 28, 2014

---

Fernandez Deon Davenport ("the Petitioner") filed a petition for a writ habeas corpus regarding his conviction of second degree murder. The habeas corpus court summarily dismissed the petition, and this appeal followed. Upon our thorough review of the record and applicable law, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Fernandez Deon Davenport, pro se, Clifton, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clark B. Thornton, Senior Counsel, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

A jury convicted the Petitioner in 2004 of second degree murder for his killing of Tony Jermaine Hopkins in 2003. The Petitioner subsequently was sentenced to sixty years' incarceration. This Court affirmed the Petitioner's conviction and sentence on direct appeal. See State v. Fernandez Deon Davenport, No. M2005-01729-CCA-R3-CD, 2006 WL 2563452, at *7 (Tenn. Crim. App. Sept. 1, 2006), perm. app. denied (Tenn. Dec. 18, 2006). In April 2013, the Petitioner filed a petition for a writ of habeas corpus on the basis that the

indictment setting forth the charge upon which he was convicted was fatally defective because it failed to set forth an offense. The court below summarily dismissed the petition, and the Petitioner now appeals.

*Standard of Review*

The decision to grant habeas corpus relief is a question of law, and, thus, our Court's standard of review is de novo, with no presumption of correctness. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000); Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

*Analysis*

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. In Tennessee, however, this right has been governed by statute for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101(a) (Supp. 2013) ("Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.").

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). On the other hand, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

A habeas corpus court may dismiss a petition for habeas corpus relief summarily "[w]hen the habeas corpus petition fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109 (2000); Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002)).

"[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the [trial] court of jurisdiction." Dykes, 978 S.W.2d at 529. However, so long as the indictment performs its essential constitutional and statutory purposes, habeas corpus relief is not warranted. Id. (citing State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997)). An indictment passes constitutional muster when it provides (1) notice of the charge against which the accused must defend himself; (2) an adequate basis for the entry of a proper judgment; and (3) protection of the accused from double jeopardy. Hill, 954 S.W.2d at 727. Additionally, an indictment satisfies statutory requirements when it

> state[s] the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment[.]

Tenn. Code Ann. § 40-13-202 (2003). Moreover, as a general rule, it is sufficient to state the offense charged in the words of the statute or words which are equivalent to the words contained in the statute. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995) (internal citations omitted).

In this case, the indictment setting forth the charge upon which the Petitioner was convicted provided as follows:

> The grand jurors of Coffee County, Tennessee, duly impaneled and sworn upon their oaths present that Fernandez Deon Davenport on the __ day of July, 2003 in Coffee County, Tennessee, and before the finding of this indictment, unlawfully, feloniously and knowingly did kill Tony Jermaine Hopkins in violation of T.C.A. 39-13-210 and against the peace and dignity of the State of Tennessee.

The referenced statute provides as follows: "Second degree murder is . . . [a] knowing killing of another." Tenn. Code Ann. § 39-13-210(a)(1) (2003). The Petitioner contends that, "[a]lthough the indictment in this case made reference to the applicable statute, provided the date of the offense, and identified the name of the victim, the indictment merely state [sic] the legal conclusion that the petitioner violated the second degree murder statute."

The habeas corpus court concluded that the indictment "was sufficient to charge an offense and to vest jurisdiction in the trial court." The habeas corpus court further concluded that the judgment of conviction was not void and that the Petitioner's sentence had not

expired. Accordingly, the habeas corpus court summarily dismissed the Petitioner's claim for habeas corpus relief.

We agree with the habeas corpus court that the indictment was sufficient. It set forth the crime of second degree murder in the words of the statute, named the victim, and named the month and year of the offense. The indictment also made accurate reference to the relevant statute. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000) (citations omitted). Thus, the indictment notified the Petitioner that he was being prosecuted for the second degree murder of the victim, provided an adequate basis for the entry of a proper judgment, and protected the Petitioner from double jeopardy. See Hill, 954 S.W.2d at 727. The indictment stated the facts constituting the offense of second degree murder in ordinary and concise language that enabled a person of common understanding to know he was being charged with second degree murder, and it described the offense with sufficient certainty to enable the trial court, on conviction, to pronounce the proper judgment. See Tenn. Code Ann. § 40-13-202. In sum, the indictment was valid.

## Conclusion

For the reasons set forth above, we affirm the habeas corpus court's summary dismissal of the Petitioner's petition for writ of habeas corpus.

_____
JEFFREY S. BIVINS, JUDGE

4