IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2026

## JASON WHITE v. JOHN BEARD, WARDEN

**Appeal from the Criminal Court for Shelby County**
No. 17-01568       James Jones, Jr., Judge
———————————————————

### No. W2025-01289-CCA-R3-HC
———————————————————

The Petitioner, Jason White, appeals the Shelby County Criminal Court's summary dismissal of his petition for writ of habeas corpus. On appeal, he contends that the indictment, which charged him with conspiracy to possess methamphetamine with the intent to sell and deliver within a drug-free school zone, was fatally defective, which deprived the trial court of jurisdiction and rendered the judgments void. Based upon our review, we affirm the habeas corpus court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JILL BARTEE AYERS, JJ., joined.

Jason White, Clayton, New Mexico, Pro se.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General; and Steve J. Mulroy, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

In March 2017, the Shelby County Grand Jury indicted the Petitioner, and codefendants Kristina Cole and Montez Mullins, for one count of conspiracy to possess 300 grams or more of methamphetamine with the intent to sell within a drug-free school zone and one count of conspiracy to possess 300 grams or more of methamphetamine with

the intent to deliver within a drug-free school zone.[1]  The Petitioner and his codefendants were tried jointly, and the jury convicted him of both counts.

According to this court's opinion on direct appeal of the Petitioner's convictions, the proof at trial showed that "[a]round" February 2, 2016, a detective in California telephoned Detective Mark Gaia of the Bartlett Police Department ("BPD") and informed him that a package containing methamphetamine had been shipped to "'Bailey Green'" at 2552 Linwood in Bartlett.  *State v. White*, No. W2018-00329-CCA-R3-CD, 2019 WL 549652, at *1 (Tenn. Crim. App. Feb. 11, 2019), *perm. app. denied* (Tenn. July 19, 2019). Detective Gaia determined that the address was not a valid address in Shelby County and that the correct address was 2552 Jenwood in Memphis.  *Id*. n.1.  The BPD intercepted and opened the package and found that it contained one pound of methamphetamine worth $12,000 to $15,000.  *Id*.  On February 3, 2016, Detective Gaia obtained a search warrant for 2552 Jenwood, which was codefendant Cole's residence, and set up a controlled delivery.  *Id*.  After codefendant Cole accepted the package, Detective Gaia knocked on her door.  *Id*.  She allowed him inside and gave him consent to search.  *Id*.  Detective Gaia saw the package in codefendant Cole's home and found a photograph of the Petitioner, wearing prison clothes, on her nightstand.  *Id*.  Detective Gaia also searched three cellular telephones collected from codefendant Cole and a laptop computer.  *Id*.  Codefendant Cole had recently "tracked" the package on the FedEx website via the package's electronic tracking number.  *Id*.  Moreover, she had sent a text message to the Petitioner, notifying him of the package's arrival.  *Id*. at *2.  That same day, an investigator went to speak with the Petitioner, who was in prison, about the package and saw the Petitioner flushing a cellular telephone and charger down the toilet in his prison cell.  *Id*. at *4.

A detective later interviewed codefendant Mullins, who told the officer that he met the Petitioner while they were in prison together in Morgan County.  *Id*.  Codefendant Mullins knew codefendant Cole through the Petitioner.  *Id*.  Codefendant Mullins claimed that someone offered to pay him $600 for a mailing address in Memphis, that he asked codefendant Cole if he could send a package to her address, and that she agreed.  *Id*. at *3. Codefendant Mullins claimed that he knew the package contained methamphetamine when it was sent to codefendant Cole's address but that codefendant Cole did not know the package contained drugs.  *Id*. at *3, 4.

After the jury convicted the Petitioner, the trial court sentenced him as a career offender to sixty years to be served at one hundred percent for each conviction and merged

---

[1] Ms. Cole was charged with two additional counts: possession of 300 grams or more of methamphetamine with the intent to sell within a drug-free school zone and possession of 300 grams or more of methamphetamine with the intent to deliver within a drug-free school zone.  *State v. Cole*, No. W2017-01980-CCA-R3-CD, 2018 WL 5810011, at *4 (Tenn. Crim. App. Nov. 5, 2018), *perm. app. denied* (Tenn. Mar. 28, 2019).

the convictions. *Id*. at *4. This court affirmed the convictions on direct appeal. *Id*. at *18. This court also affirmed the denial of post-conviction relief. *White v. State*, No. W2022-01437-CCA-R3-PC, 2023 WL 6142444, at *1 (Tenn. Crim. App. Sept. 20, 2023), *perm. app. denied* (Tenn. Apr. 11, 2024).

On June 30, 2025, the Petitioner filed a petition for writ of habeas corpus in which he asserted that Detective Gaia lied in his affidavit to obtain the search warrant for codefendant Cole's residence and electronic devices by claiming in the affidavit that the package originally had been addressed to 2552 Jenwood Road in Bartlett and that he determined the correct address was 2552 Jenwood Street in Memphis. The Petitioner further asserted that the grand jury issued the indictment based on Detective Gaia's false claims and that the indictment failed to allege the Petitioner committed an overt act in furtherance of the conspiracy, both of which deprived the trial court of jurisdiction and rendered the judgments void. In support of his petition, the Petitioner attached multiple exhibits, including a copy of the package's FedEx label, showing the package was addressed to 2552 Linwood Road in Bartlett; Detective Gaia's affidavit in support of the search warrant in which he stated that the package was addressed to 2552 Jenwood Road in Bartlett and that he determined the correct address was 2552 Jenwood Street in Memphis; Detective Gaia's affidavit of complaint in which he stated that the package's "original destination" was 2552 Jenwood Street in Memphis; and the Petitioner's judgments of conviction.

The Petitioner also attached a copy of counts one and two of the indictment to the petition.[2] The counts alleged that the Petitioner and his two codefendants:

> between February 1, 2016 and February 6, 2016 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly associate, agree and participate with a group of individuals, both known and unknown, that did engage in a conspiracy to possess with the intent to sell [and deliver] a controlled substance, to wit: METHAMPHETAMIINE, as classified in [Tenn. Code Ann.] 39-17-408, in an amount greater than three hundred grams (300g) as prohibited by [Tenn.

---

[2] The Petitioner attached the incorrect page for count two to his petition. The page showed that count two was issued during the Shelby County Grand Jury's March 2016 term and that count two charged the Petitioner and codefendant Cole alone with conspiracy to possess 300 grams or more of methamphetamine with the intent to deliver. However, on March 30, 2017, the Shelby County Grand Jury returned a superseding indictment, charging all three defendants in count two with conspiracy to possess 300 grams or more of methamphetamine with the intent to deliver. *White*, 2019 WL 549652, at *8. We will proceed as if the Petitioner correctly attached count two of the superseding indictment. *See State v. Lawson*, 291 S.W.3d 864, 869 (Tenn. 2009) (stating that this court may take judicial notice of its own records).

Code Ann.] 39-17-434 and T.C.A. 39-12-103. Further, members of this conspiracy used 2552 Jenwood as a location to receive a shipment of METHAMPHETAMINE. 2552 Jenwood is within one thousand feet (1000') of Raleigh-Bartlett Elementary, a public elementary school, and in furtherance of this illicit METHAMPHETHAMINE trafficking, JASON WHITE AND MONTEZ MULLINS did cause a parcel containing METHAMPHETAMINE to be delivered to 2552 Jenwood and KRISTINA COLE did agree to accept said parcel containing METHAMPHETAMINE, all which is against the peace and dignity of the State of Tennessee.

On August 5, 2025, the habeas corpus court summarily dismissed the petition. The habeas corpus court interpreted the Petitioner's claim as essentially attacking the sufficiency of the evidence, which was not a cognizable claim for habeas corpus relief.

## ANALYSIS

On appeal, the Petitioner contends that the habeas corpus court erred by summarily dismissing his petition without the appointment of counsel or an evidentiary hearing because the indictment was so defective and fatally flawed that it deprived the trial court of subject matter jurisdiction and rendered the judgments void. Specifically, he contends that the indictment was fatally defective because it was issued based on false information about the shipping address contained in Detective Gaia's affidavit in support of the search warrant and affidavit of complaint; because it alleged that the date of the offenses began on February 1, 2016, although Detective Gaia stated in his affidavit of complaint that the California detective notified him about the package on February 2, 2016; and because it failed to allege an overt act in furtherance of the conspiracy. The State argues that the habeas corpus court properly dismissed the petition. We agree with the State.

It is well established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition for habeas corpus relief "[w]hen the habeas corpus petition fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)). Whether the petitioner is

- 4 -

entitled to habeas corpus relief is a question of law, which we review de novo. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

As this court has explained,

> A valid indictment is an "essential jurisdictional element" to any prosecution. An indictment may be challenged through a petition for habeas corpus when the indictment is so defective as to deprive the trial court of jurisdiction to enter a judgment. *Dykes*, 978 S.W.2d at 529; *see Haggard v. State*, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). Our review of whether the indictment is void on its face is determinative of this case.

*Roberts v. Sexton*, No. E2013-01034-CCA-R3-HC, 2013 WL 5210241, at *2 (Tenn. Crim. App. Sept. 13, 2013), perm. app. denied (Tenn. Nov. 13, 2013).

An indictment passes constitutional muster if it provides: (1) notice of the charge against which the accused must defend himself; (2) an adequate basis for the entry of a proper judgment; and (3) protection of the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). Moreover, an indictment:

> must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Tenn. Code Ann. § 40-13-202. Generally, "it is sufficient to state the offense charged in the words of the statute or words which are equivalent to the words contained in the statute." *State v. Tate*, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995) (citations omitted). However, "[a] conspiracy indictment must allege an overt act in furtherance of the conspiracy charged[.]" *State v. Mayer*, No. W1999-00613-CCA-R3-CD, 2000 WL 555000, at *2 (Tenn. Crim. App. May 8, 2000), *no perm. app. filed*.

Regarding the Petitioner's claim that the indictment was fatally defective because it was issued based on false information contained in the affidavit in support of the search warrant and the affidavit of complaint, "a finding that the search warrant violated constitutional search and seizure prohibitions would render the judgment voidable, not void." *Deakins v. State*, No. W2010-00020-CCA-R3-HC, 2011 WL 856942, at *6 (Tenn. Crim. App. Mar. 11, 2011), *perm. app. denied* (Tenn. July 15, 2011). Likewise, "[i]f the affidavit of complaint and arrest warrant were invalid and void, that invalidity would not prevent a valid judgment of conviction from being obtained." *Haynie v. Bell*, No. M2006-

02752-CCA-R3-CV, 2007 WL 1792534, at \*3 (Tenn. Crim. App. June 22, 2007) (citing *Gann v. State*, No. 03C01-9707-CR-00274, 1998 WL 334398, at \*1 (Tenn. Crim. App. June 25, 1998), *no perm. app. filed*. Therefore, those claims are not cognizable in a petition for habeas corpus relief.

As to the Petitioner's claim that the indictment was defective and void on its face, the Petitioner was charged with conspiracy to sell methamphetamine within a drug-free school zone in count one and conspiracy to deliver methamphetamine within a drug-free school zone in count two. Tennessee Code Annotated section 39-17-434(a)(4) provides that it is an offense to knowingly possess methamphetamine with the intent to manufacture, deliver, or sell. Tennessee Code Annotated section 39-12-103(a) provides that conspiracy is committed when

> "two (2) or more people, each having the culpable mental state required for the offense that is the object of the conspiracy, and each acting for the purpose of promoting or facilitating commission of an offense, agree that one (1) or more of them will engage in conduct that constitutes the offense."

*White*, 2019 WL 549652, at \*14 (quoting Tenn. Code Ann. § 39-12-103(a)).

The indictment in this case used the wording in the methamphetamine and conspiracy statutes and referenced the statutes. It also alleged the dates of the offenses as between February 1, 2016, and February 6, 2016. We note that conspiracy is a continuing offense. *State v. Martinez*, 372 S.W.3d 598, 607 (Tenn. Crim. App. 2011). According to the proof at trial, Detective Gaia was notified about the package "around" February 2, 2016, and arranged the controlled delivery and searched codefendant Cole's home the next day. *White*, 2019 WL 549652, at \*1. The indictment alleged that "in furtherance of" the conspiracy, the Petitioner "did cause a parcel containing METHAMPHETAMINE to be delivered to 2552 Jenwood." It also alleged that codefendant Cole agreed to accept the package. "Caselaw allows a conviction to be sustained arising from an indictment wherein only one overt act undertaken by one conspirator is alleged." *State v. Carter*, No. M2000-02230-CCA-R3-CD, 2002 WL 31370469, at \*7 (Tenn. Crim. App. Oct. 21, 2002), *aff'd in part, remanded in part*, 121 S.W.3d 579 (Tenn. 2003). Therefore, the indictment was not defective. The Petitioner was not entitled to habeas corpus relief, and the habeas corpus court properly dismissed the petition without the appointment of counsel or a hearing.

## CONCLUSION

Upon review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

s/ JOHN W. CAMPBELL
JOHN W. CAMPBELL, SR., JUDGE